State ex rel. Globe Steel Tubes Co. v. Lyons, 183 Wis. 107.

———————————

STATE EX REL. GLOBE STEEL TUBES COMPANY, Petitioner,
     vs. LYONS and others (constituting the Wisconsin Tax
     Commission), Defendants.

*January 21—February 12, 1924.*

*Taxation: Reassessment of income returns by tax commission:
     Constitutional law: Statute enlarging time for re-audit: Re-
     visor's notes: Retroactive and ex post facto laws: Limitation
     of actions: Operation as against state: Surtaxes: Interest:
     Discretion of tax commission as to rate.*

1. Since sub. (1), sec. 71.02, Stats., classifies persons to be taxed
     for income as including every "corporation, joint-stock com-
     pany or association," and that expression has remained un-
     changed throughout the history of the act and all amend-
     ments thereto, the omission from the above-quoted phrase of

the words "joint-stock company or association" in sec. 71.10 alone, in the revision of 1921, is not to be construed as exempting joint-stock companies and associations from the provision for reassessment; and the reassessment provisions of the amendment of 1921 do not violate the equality. clause of the state constitution nor amendm. XIV, Const. U. S., guaranteeing the equal protection of the laws.   p. 120.

2. The notes of the revisor of the statutes which have been presented to the legislature when acting on revision bills must be given due consideration in determining the legislative intent where obscurity would otherwise exist.   p. 119.

3. A construction is not to be given to a statute that will make it absurd or unconstitutional if any other construction is permissible.   p. 120.

4. Sub. (1) sec. 71.10, Stats., as amended by ch. 389 of the Laws of 1923, providing that if it appear that a corporation has been over-assessed or under-assessed in any year following January 1, 1915, the tax commission could require it to furnish information relating thereto, and changing the previous limitation as to the time within which a reassessment could be made, was a reasonable enlarging of the time within which investigation of frauds or errors in tax returns could be made, and was within legislative discretion and power.   p. 121.

5. Ordinarily a law will be construed as prospective instead of retroactive; but where the legislative purpose to have it retroactive is plain and justice requires such construction, the court will not hesitate to give it that effect.   p. 121.

6. The three-year limitation of the original statute (providing that the state tax commission, if justified in the belief that in any one of the three next previous years income returns were incorrect, could require further information) was a limitation on the commission's authority to go back and reassess beyond the three previous years, but did not wipe out the obligation of the income owner to pay his tax.   p. 121.

7. Statutes of limitation do not run against the state unless expressly so provided.   p. 121.

8. Surtaxes are income taxes within the meaning of sec. 71.10, Stats., and are to be computed on back taxes placed on the rolls by the tax commission as a part of the income rates. p. 122.

9. Ch. 310, sec. 7, Laws 1923, creating sec. 71.06, Stats., adding ten per cent. interest upon back taxes, is not an *ex post facto* law, but an imposition of an interest rate that is reasonable considering charges on delinquent taxes in general, and is not invalid as an *ex post facto* law, by which is meant one that

State ex rel. Globe Steel Tubes Co. v. Lyons, 183 Wis. 107.

imposes a punishment for an act which was not punishable
at the time it was committed, or imposes additional punish-
ment to that then prescribed.   p. 123.
10. Sub. 2, sec. 1087m—11, Stats. 1911 (the original act), granting
to· the tax commission power to ascertain, in case of delin-
quency,·whether a return was based on fraud or wilful re-
fusal to make a return, ·and, if so, to apply the double rate
thereon, was not invalid as a delegation of legislative power,
since the commission is to find the facts and apply the legis-
lative rule; the amendment of 1921, sec. 71.10, however, in so
far as it undertakes to lodge legislative discretion and judg-
ment with the commission, is void.   Said sec. 71.10 being
separable from other portions of the act and not having been
an inducement therefor, the act is invalid only as to the void
portion.   p. 125.

THIS IS AN ORIGINAL PROCEEDING in this court by *man-
damus* to compel the tax commission to make certain cor-
rections in the tax rolls of Milwaukee county.

The petitioner alleges that it is a Delaware corporation
engaged in the manufacture of steel products in the town of
Greenfield, county of Milwaukee.   At the time of its incor-
poration it took over the assets of the· Globe Seamless Steel
Tubes Company, then doing business in said ·county, and as-
sumed all of its obligations for taxes.   The Globe Seamless
Steel Tubes Company, during the time it was operating in
said county, made an annual income tax report and paid all
taxes assessed against it.   On November 24, 1923, the tax
commission made an assessment against the Globe Seamless
Steel Tubes Company for an additional income tax for 1916
of $82.92; for 1917, $6,532.80; for 1918, $1,235.46; for
1919, $951; for 1920, $2,304.54, making a total normal in-
come tax of $11,106.72.   Upon such amounts the tax com-
mission assessed interest at the rate of ten per cent. from
March 22d of the year following the year in which the
assessments were made, as follows: 1916, .$48.62; 1917,
$3,176.90; 1918, $477.26; 1919, $272.27; 1920, $429.34,
totaling $4,404.39.   For the year 1918 it assessed a soldiers'
bonus surtax of $1,081.74, with interest at ten per cent.,

amounting to $417.88.   It assessed a soldiers' educational surtax for 1918 of $216.35; 1919, $18.67; 1920, $401.94, with interest at ten per cent. as follows: 1918, $83.58; 1919, $5.35; 1920, $74.88.   It also levied a teachers' retirement fund surtax for 1920 of $384.09, with interest thereon amounting to $71.56, making a total tax of $18,267.15. The petitioner alleges that there was no element of fraud or intentional concealment involved in the assessment, which was made by virtue of sec. 71.10 of the Wisconsin Statutes, and the interest by virtue of sub. (3), sec. 71.06, of the Wisconsin Statutes.   The petitioner further alleges that there is a general contention that the statutes under which the tax commission and assessors acted are unconstitutional, resulting in many actions being brought against the state officials and in hampering the work of the tax commission and the assessors; that the tax commission is unable to make its 1924 assessments with any assurance that the same will not all have to be changed, and it is of the greatest importance to the taxing authorities and to the taxpayers that the power of the commission and the assessors to assess back taxes should be defined by this court; that the assessment of back taxes made by the commission upon the petitioner has been certified to the county clerk of the county of Milwaukee and taxes on the same are now payable to the town treasurer of the town of Greenfield, state of Wisconsin; that the petitioner has made demand upon the defendants that they correct the error in making said assessment, by certifying to the treasurer of the town of Greenfield, where such taxes are payable, that no tax is due from petitioner upon said assessment, in accordance with the provisions of sec. 71.24, Wisconsin Statutes, and that the defendants have refused to do so and the petitioner has obtained from this court an alternative writ of *mandamus* to require said defendants to make said certification.

It is the claim of the petitioner (1) that sec. 71.10 violates the general equality clauses of the state constitution

and the Fourteenth amendment to the federal constitution guaranteeing equal protection of the laws; (2) that there is no grant of power to the tax commission to levy back surtaxes; (3) that ch. 310, Laws of 1923, sec. 7, creating sec. 71.06 providing for ten per cent. interest upon back taxes, is unconstitutional as applied to income assessable prior to its passage; and (4) that sec. 71.10, authorizing the imposition of twice the normal tax upon income assessable in past years, is unconstitutional.

The attorney general moved to quash the writ.

The principal statutes under consideration follow:

*Ch. 658, Laws 1911:*

"Section 1087*m*—1.   There shall be assessed, levied, collected and paid a tax upon incomes received during the year ending December 31, 1911, and upon incomes received annually thereafter, by such persons and from such sources as hereinafter described; . . ."

"Section 1087*m*—2.  1. The term 'person,' as used in this act, shall mean and include any individual, firm, copartnership, and every corporation, joint-stock company or association organized for profit, and having a capital stock represented by shares, unless otherwise expressly stated."

"Section 1087*m*—11.   1. Whenever evidence shall be produced before the state tax commission, which in the opinion of the commission, justifies the belief that in any one or more of the three next previous years the returns made by any corporation, joint-stock company or association are incorrect, or are made with false or fraudulent intent, or when any corporation, joint-stock company or association has failed or refused to make a return as required by law the state tax commission may require from every such corporation, joint-stock company or association such further information with reference to its capital, income, losses, expenditures and business transactions as is deemed expedient. Upon the information so required the state tax commission may make such additions or corrections to the assessment as is deemed true and just, such correction to be made in the next tax levy.  · Whenever the state tax commission shall so increase or make subject to tax any income, it shall give no-

tice in writing to the person liable for the payment of the tax on said income of the amount of the assessment. Such notice may be served by registered mail.

"2. In case any return made by any corporation, joint-stock company or association is made with false or fraudulent intent or in case of a refusal or neglect to make a return as required by law and an additional amount is discovered, the amount so discovered shall be subject to twice the original rate. The amount so added to the tax shall be collected at such time and in such manner as may be designated by the state tax commission."

*Stats. 1921:*

"71.10 *Incorrect returns by corporations; penalty for frauds and refusal to make returns.* (1) Whenever it shall appear probable that a corporation has been over or under-assessed, or that no assessment has been made when one should have been made in any one or more of the next previous three years, the tax commission may require such corporation to furnish such information with reference to its capital, surplus and business transacted as it may deem necessary to enable it to ascertain the amount of taxable income such corporation received during the year or years in question. Upon such information and such other information as it may be able to discover the commission shall determine the true amount of taxable income received during the year or years under investigation. If all or any part of the amount so ascertained shall not previously have been assessed, the same shall be assessed and entered upon the assessment rolls in the year discovered, and the normal tax thereon may be computed at twice the original rate. If it shall be found that the assessment was in excess of the actual taxable income received in any one or more of the previous three years, the tax commission may make allowance as far as possible for such excess in the assessment of the year when such error in assessment shall be discovered. No additional assessment shall be made under this section without giving at least ten days' notice in writing of the proposed assessment to the corporation to be subjected thereto. Such notice shall be served in the same manner as a circuit court summons is served, or by registered mail."

*Sub. (1), sec. 71.10, as amended by ch. 1, Special Session 1922:*

"71.10   (1) Whenever it shall appear probable that a corporation has been over or underassessed, or that no assessment has been made when one should have been made in any one or more of the next previous . . . *six* years, the tax commission may require such corporation to furnish such information with reference to its capital, surplus and business transacted as it may deem necessary to enable it to ascertain the amount of taxable income such corporation received during the year or years in question.   Upon such information and such other information as it may be able to discover the commission shall determine the true amount of taxable income received during the year or years under investigation.   If all or any part of the amount so ascertained shall not previously have been assessed, the same shall be assessed and entered upon the assessment rolls in the year discovered, and the normal tax thereon may be computed at twice the original rate.  If it shall be found that the assessment was in excess of the actual taxable income received in any one or more of the previous . . . *six* years, the tax commission may make allowance as far as possible for such excess in the assessment of the year when such error in assessment shall be discovered.   No additional assessment shall be made under this section without giving at least ten days' notice in writing of the proposed assessment to the corporation to be subjected thereto.   Such notice shall be served in the same manner as a circuit court summons is served, or by registered mail."

*Sub. (1), sec. 71.10, as amended by ch. 389, Laws 1923:*

"71.10   (1) Whenever it shall appear probable that a corporation has been over or underassessed, or that no assessment has been made when one should have been made in any . . . of the . . . years *following January 1, 1915,* the tax commission may require such corporation to furnish such information with reference to its capital, surplus and business transacted as it may deem necessary to enable it to ascertain the amount of taxable income such corporation received during the year or years in question.   Upon such

State ex rel. Globe Steel Tubes Co. v. Lyons, 183 Wis. 107.

information and such other information as it may be able to discover the commission shall determine the true amount of taxable income received during the year or years under investigation. . . . Any part of the . . . *income* so ascertained . . . *and* not previously . . . assessed, . . . shall be assessed and entered upon the *next* assessment rolls . . . and the normal tax thereon may be computed at *not exceeding* twice the original rate. If it shall be found that the *prior* assessment was in excess of the actual taxable income received in any . . . of . . . *such* previous . . . years, the tax commission may make allowance as far as possible for such excess in the *current* assessment. . . . No additional assessment shall be made under this section without giving at least ten days' notice in writing of the proposed assessment to the corporation to be subjected thereto. Such notice shall be served . . . as a circuit court summons is served, or by registered mail."

*Sub. (3), sec. 71.06,—new subsection created by ch. 310, Laws 1923:*

"71.06 (3) In assessing back taxes interest shall be added to such taxes at the rate of ten per cent. per annum from the twenty-second day of March following the year they became assessable to the thirty-first day of January following such assessment."

*Sec. 71.115, created by ch. 2, Special Session 1922:*

"71.115 Any person, firm, corporation, joint-stock company or association failing to make an income tax report or making an incorrect income tax report, with intent in either case to defeat or evade the income tax assessment required by law, shall be assessed at twice the normal income tax rate by the proper taxing authority acting under the provisions of sections 71.10 and 71.11 of the statutes. Such increased assessment shall be in addition to all the other penalties of said sections 71.10 and 71.11. The statute of limitations shall not begin to run as against any such taxpayer until the proper taxing authority shall have made the assessment as herein provided."

For the petitioner there was a brief by *Quarles, Spence & Quarles,* attorneys, and *J. V. Quarles,* of counsel, all of Milwaukee, and oral argument by *J. V. Quarles.*

State ex rel. Globe Steel Tubes Co. v. Lyons, 183 Wis. 107.

For the defendants there was a brief by the *Attorney General* and *Franklin E. Bump,* assistant attorney general, and oral argument by *Mr. Bump.*

CROWNHART, J.    The issues presented by the petitioner must be considered from the background of legislative history.    The income tax act was passed by the legislature in 1911, being ch. 658 of that session.    As applied to corporations, joint-stock companies, or associations, the tax commission was designated as the assessing body with power to administer the law.    The law remained substantially unchanged till 1919, when the soldiers' bonus and soldiers' educational laws were passed and financed by surtaxes on incomes.    Laws 1919, ch. 667; Special Session 1919, ch. 5. Later the teachers' retirement fund was created and financed in part by a surtax on incomes.    Laws 1921, chs. 459 and 590; sec. 20.251, Stats. 1921.    The income tax act was revised in 1921 as a part of the general scheme of revising the statutes of the state.

In 1922 the governor of the state called a special session of the legislature.    His message to the legislature dealt almost entirely with matters affecting the income tax law.    He claimed that investigations of the tax commission had shown failure on the part of income taxpayers to properly report their incomes to a very great extent.    Legislation was demanded to prevent income tax frauds and to enable the tax commission to go back in its investigation six years instead of three years.    To this suggestion the legislature responded with ch. 1, amending secs. 71.10 and 71.11 by substituting six years for three years as formerly existed. This was changed at the 1923 session (ch. 389) to a fixed date—January 1, 1915.    This last amendment, it seems, was also in response to recommendations of the governor in his message to the 1923 session.    In that message he said:

"In the administration of the income tax law, with respect to delinquencies, I beg to suggest that the tax commis-

116    SUPREME COURT OF WISCONSIN.    [Feb.

State ex rel. Globe Steel Tubes Co. v. Lyons, 183 Wis. 107.

sion has stated in its 1922 annual report that the present field force may reasonably be expected to audit from 250 to 300 corporations a year. On its estimate of between 2,000 and 3,000 corporations left that should be audited, it will take. the present force ten years to complete that audit. That will mean as each year goes by the state will be unable to audit for one year less, and after six years such corporations then not audited will escape the additional tax. The law .should therefore be amended permitting the tax commission to go back to a specific date, namely, not later than the year 1915, until all of the income tax returns which ought to be audited will be audited."

In the same message the governor said:

"There is another, defect in the law. For a delinquent real and personal property tax an interest charge is added for each year. That same principle should obtain with respect to delinquent income taxes."

Again the legislature responded by providing interest on back taxes at the rate of ten per cent. Ch. 310, creating sub. (3) of sec. 71.06.

He further said:

"The forfeitures that are now provided by law can only be collected at the end of a lawsuit. It takes years to try these lawsuits and much of the taxpayers' money. It is an unsatisfactory system with the results doubtful. That part of the law should be amended permitting the tax commission to assess a penalty by way of a percentage on the amount of tax withheld, to be added to the tax in case fraud is found by the commission. I recommend that these suggestions be carried into effect through appropriate legislation."

The legislature, in response to that suggestion, enacted sec. 71.115, applying double rates in cases where the commission shall find fraud or other wilful misconduct on the part of the delinquent.

These amendments must be considered in the light of the existing conditions and abuses that moved the legislature to act. As a result of the discoveries of the tax commission

in its investigations, back incomes have been assessed and over three millions of dollars in back taxes have been collected.

We are to bear in mind also that taxes "are obligations of the highest character, for only as they are discharged is the continued existence of government possible. . . . Payment alone discharges the obligation, and until payment the state may proceed by all proper means to compel the performance of the obligation. No statutes of limitation run against the state, and it is a matter of discretion with it to determine how far into the past it will reach to compel performance of this obligation." *Florida Cent. & P. R. Co. v. Reynolds,* 183 U. S. 471, 475, 22 Sup. Ct. 176. .

### I.

It is claimed that "sec. 71.10 violates the general equality clauses of the state constitution and the Fourteenth amendment to the federal constitution guaranteeing the equal protection of the laws."

This claim is based on the fact that in amending the income tax act in 1921 the legislature omitted from the first paragraph of sec. 71.10 the words "joint-stock company or association," thereby permitting, as it is claimed, such companies or associations to escape reassessment.

The income tax act was passed in 1911 as ch. 658 of the laws of that year. Sub. 1 of sec. 1087m—11, created by that act, provided:

"1. Whenever evidence shall be produced before the state tax commission, which in the opinion of the commission, justifies the belief that in any one or more of the three next previous years the returns made by any corporation, joint-stock company or association are incorrect, or are made with false or fraudulent intent, or when any corporation, joint-stock company or association has failed or refused to make a return as required by law the state tax commission may require from every such corporation, joint-stock company or association such further information with reference to its capital, income, losses, expenditures and business transac-

tions as is deemed expedient.   Upon the information so required the state tax commission may make such additions or corrections to the assessment as is deemed true and just, such correction to be made in the next tax levy.   Whenever the state tax commission shall so increase or make subject to tax any income, it shall give notice in writing to the person liable for the payment of the tax on said income of the amount of the assessment.   Such notice may be served by registered mail."

That paragraph remained unchanged until 1921, when the whole act was revised and incorporated into the statutes of that year as ch. 71.

The state of Wisconsin, by secs. 43.07 and 43.08, Stats., provides for a revisor of statutes and determines his duties, among which duties is to "prepare and at the beginning of each session of the legislature to present to the judiciary committee of the senate, in such bill or bills as may be thought best, such consolidation, revision and other matter relating to the statutes or any portion thereof as can be completed from time to time."

Sub. (4) of sec. 35.07, Stats., provides:

"(4) Revision bills prepared by the revisor of statutes may be ordered printed by the revisor when the legislature is not in session.   Bills printed pursuant to such orders shall be delivered to the revisor of statutes."

Sub. (3) of sec. 35.08, Stats., reads:

"(3) Revision bills mentioned in subsection (4) of section 35.07 may contain explanatory notes which shall be printed in eight-point solid type immediately following the sections to which they respectively relate, but such notes shall not constitute any part of the bill nor of the act if the bill shall be enacted."

Pursuant to his duties, the revisor of statutes, in 1921, presented to the judiciary committee of the legislature for that year a bill known as No. 8 S to revise the income tax law.   In that bill, which became a law, the words "joint-

stock company or association" were omitted by the revisor from sub. (1) of sec. 71.10, but they were not omitted from any other part of the bill. They appear therein many times and even in a later paragraph of sec. 71.10. By reference to the printed bill it will be seen that at the end of each section which was amended the revisor added a note explaining the purpose and intent of the amendment, and such notes were before the judiciary committee and before the members of the legislature in their consideration of the bill. The revisor's note to sec. 71.10 was as follows:

"NOTE: Rewritten to better express the purpose of the section and to clearly give the commission power to correct overassessments as well as underassessments. The law is now so construed, but doubts have been raised as to whether such construction is proper. These doubts should be cleared up and the subsection has been rewritten with that thought in mind."

The expression "joint-stock company or association" is found many times in the revisor's bill, in the same connection as it was in the original income tax act, and in no case was the expression dropped from the act except in the particular instance cited. This court has held that the notes of revisors of statutes, which have been presented to the legislature when acting upon revision bills, must be given due consideration in determining legislative intent where obscurity would otherwise exist. In *Pfingsten v. Pfingsten,* 164 Wis. 308 (159 N. W. 921), at pages 320, 321, the court illustrates the use to be made of the revisor's notes. It will be seen that the revisor's notes are treated as of much importance in ascertaining the legislative intent. This must be true to a greater extent where, as now, in this state a permanent revision system and an official revisor are provided by law. But without the aid of the revisor's notes, it is perfectly obvious from the statute, considered as a whole, that there was no legislative purpose in dropping the words from a single paragraph of the statute to change thereby the effect

of the statute and relieve any person from taxation. We are not to give a construction to a statute that will make it absurd or unconstitutional, if any other construction is permissible. In the *Pfingsten Case, supra,* on page 313, the rule of construction of statutes is given as follows:

"A statute may be plain and unambiguous in its letter, and yet, giving it the meaning thus suggested, it may be so unreasonable or absurd as to involve the legislative purpose in obscurity. *Rice v. Ashland Co.* 108 Wis. 189, 84 N. W. 189. In such case, or when obscurity otherwise exists, the court may look to the history of the statute, to all the circumstances intended to be dealt with, to the evils to be remedied, to its reason and spirit, to every part of the enactment, and may reject words, or read words in place which seem to be there by necessary or reasonable inference, and substitute the right word for one clearly wrong, and so find the real legislative intent, though it be out of harmony with, or even contradict, the letter of the enactment. A thing which is within the intention of the lawmakers and by rules for construction can be read out of it, 'is as much within the statute as if it were within the letter.'"

This is the general rule, and numerous decisions of this court might be cited to the same effect.

It may be noted that the first section of the act classifies persons to be taxed as including "every corporation, joint-stock company or association organized for profit, and having a capital stock represented by shares." Sec. 71.02. This section has remained unchanged, and throughout the act and all the amendments the expression "corporation, joint-stock company or association" has uniformly been used to designate one class for taxation, with the single exception of sub. (1) of sec. 71.10.

The conclusion is inescapable that the meaning of such subsection is the same since the revision of 1921 as before, as to the persons whose incomes are subject to reassessment.

State ex rel. Globe Steel Tubes Co. v. Lyons, 183 Wis. 107.

## II.

The petitioner objects to the statute authorizing the tax commission to go back to a fixed date—January 1, 1915—to reassess for omitted incomes. He contends that the statute is unreasonable and harsh, and contrary to fundamental law. We do not see the force of this objection. There can be no good reason or public policy in allowing income properly taxable to escape taxation because the owner fraudulently or carelessly omits his income from the report required by law, or makes no report of income when one should have been made. The honest and careful taxpayer would thus be penalized instead of the dishonest or careless person who evades his just share of the tax burden. The delinquent gains no vested rights by his obliquities. Ordinarily a law will be construed as prospective instead of retroactive; but where the legislative purpose to have it retroactive is plain and justice requires that it be so construed, the court will not hesitate to give effect to the legislative intent.

It is claimed that the three-year limitation on the tax commission in the original act was a statute of limitation in favor of the income owner. That claim is untenable. The limitation was on the commission's authority to go back and reassess beyond the three previous years. But the statute did not wipe out the obligation of the income owner to pay his tax. "The payment of taxes is an obvious and insistent duty." *Bankers Trust Co. v. Blodgett,* 260 U. S. 647, 43 Sup. Ct. 233. Statutes of limitation do not run against the state unless expressly so provided. *Florida Cent. & P. R. Co. v. Reynolds,* 183 U. S. 471, 22 Sup. Ct. 176.

We hold that the statutes enlarging the time within which the tax commission might make investigations of frauds or errors in tax returns are reasonable and within legislative discretion and power.

### III.

It is further contended that "there is no grant of power to the commission to levy back surtaxes."

This claim is based on the assumption that the statute authorizes the commission to assess incomes for back taxes, that is, for taxes improperly omitted in prior years, only at the normal rate, and does not include omitted surtax rates. This brings us to a proper construction of the statute. It was the intention of the legislature that taxes properly assessable but omitted for any year within the period named should be added to the rolls for collection. That meaning is unmistakable. It was the real purpose of the statute. It is not to be defeated by a strained and unnatural interpretation.

Surtaxes are income taxes within the meaning of sec. 71.10. In *State ex rel. Atwood v. Johnson,* 170 Wis. 218, 175 N. W. 589, the court had under consideration the validity of the soldiers' bonus surtax. At pages 241, 242 the court said:

"The surtax provision is in effect an amendment to the income tax law by increasing the tax upon incomes. If the surtax be not open to objection under the law relating to income taxation it must be held valid."

And again at pages 242, 243:

"The proposition which confronted the legislature in the case at bar was to provide for an emergency tax and one which would expire within the time fixed for raising the funds. The legislature, therefore, provided for raising a part of the fund by a surtax, or a tax added to the normal income tax. So we must test this surtax by the same principles which apply to the original income tax law."

This case is decisive of the question here raised, and it is again held that surtaxes are merely amendments to the income tax law, the effect of which is to increase the tax upon incomes. It is back income that is placed on the rolls by the commission and surtaxes are computed thereon as part of

the income rate. The objection of the petitioner is tenable neither in law nor equity. Had the income been properly reported the surtax would have been assessed at the proper time. The petitioner failed to so report his income and now seeks to escape a just tax because of his own delinquency. There is no merit to his contention.

### IV.

Again, it is urged that "ch. 310, Laws 1923, sec. 7, creating sec. 71.06, providing for ten per cent. interest upon back taxes, is unconstitutional as applied to income assessable prior to its passage."

This claim is based upon the provision of the federal and state constitutions forbidding *ex post facto* laws. But is it an *ex post facto* law?

In *Bittenhaus v. Johnston,* 92 Wis. 588, 593, 66 N. W. 805, this court adopted the definition of the United States supreme court:

"By an *ex post facto* law is meant one which imposes a punishment for an act which was not punishable at the time it was committed or imposes additional punishment to that then prescribed."

This is in accord with the decisions generally, and it agrees with the history of the constitutional provisions. See Bouvier, Law Dict.; 3 Words & Phrases, 2527, where authorities are cited in great numbers. *Ex post facto* laws relate to crimes and punishments therefor. They are distinguished from retroactive or retrospective laws in that respect. The latter may apply to civil rights, and when so applied are not unconstitutional by virtue of the prohibitions against *ex post facto* laws. However, retroactive laws are not favored, and generally statutes which impose burdens or take away rights are to be construed prospectively under the rules of statutory interpretation. We have examined the statute in question to see if it may be so construed. Looking at the legislation as a whole, it is apparent the legislature was dealing with a condition then existing. It had been found that large amounts

of income taxes properly assessable had not been reported or assessed. It was these *back taxes* the legislature was seeking to cover into the public treasuries. Quite naturally the legislature determined that not only should the proper tax be imposed upon the delinquent, but that he should be required to pay interest at ten per cent. from the time the tax would have become due if timely reported and assessed. The interest rate was reasonable considered in connection with interest charges on delinquent taxes in general. It does not violate express provisions of our constitution or any implied prohibition drawn from its fundamental principles. The provision as to interest rates on back taxes is valid.

The question of the invalidity of a retroactive provision of the income tax act was urged in *Income Tax Cases,* 148 Wis. 456, 134 N. W. 673, 135 N. W. 164, but the court denied the contention in a brief statement at page 514. This decision is cited in 25 Ruling Case Law, 795, and in Black, Income Taxes (4th ed.) sec. 22. The United States supreme court has held to the same effect. *Stockdale v. Insurance Cos.* 20 Wall. 323. The provision does not violate the federal constitution. *Bankers Trust Co. v. Blodgett,* 260 U. S. 647, 43 Sup. Ct. 233; note in 11 A. L. R. 518. Some of the states have constitutional prohibitions against retroactive laws. Decisions of the courts based on such provisions are not applicable here.

## V.

It is further claimed that "sec. 71.10, authorizing the imposition of twice the normal tax upon income assessable in past years, is unconstitutional" as a delegation of legislative power. The provision to which objection is here made as originally enacted in 1911 was sec. 1087*m*—11, sub. 2, and read as follows:

"2. In case any return made by any corporation, joint-stock company or association is made with false or fraudulent intent or in case of a refusal or neglect to make a return as required by law, and an additional amount is dis-

covered, the amount so discovered shall be subject to twice the original rate. The amount so added to the tax shall be collected at such time and in such manner as may be designated by the state tax commission."

It so remained until the revision of 1921, when it was combined in paragraph (1) and became sub. (1) of sec. 71.11, the particular sentence reading as follows:

"If all or any part of the amount so ascertained shall not previously have been assessed, the same shall be assessed and be entered upon the assessment rolls in the year discovered and the normal tax thereon may be computed at twice the original rate."

This provision was again amended by ch. 389, Laws 1923, to read:

"Any part of the income so ascertained and not previously assessed, shall be assessed and entered upon the next assessment rolls and the normal tax thereon may be computed at not exceeding twice the original rate."

This court has many times defined the constitutional powers of boards and commissions. They have been held to be *quasi*-judicial bodies but without judicial or legislative powers. Such powers may not be delegated. The tax commission administers the income tax law. The legislature must fix the rule of taxation. When that is done the tax commission may be empowered to find the facts and apply the rule. That does not imply the exercise of legislative judgment and discretion. The act of 1911 gave the commission power to ascertain in case of delinquency whether the same was based on fraud or wilful refusal to make return, and if so, the double rate should be applied. That was a valid enactment. The commission was to find the fact and apply the legislative rule. The amendment of 1921 undertook to lodge legislative discretion and judgment with the commission, and to that extent the act falls as unconstitutional, but to that extent only. The void portion is clearly separable from the other portions of the law, and certainly the void

portion cannot be said to have been an inducement for the balance of the statute.   The amendment of 1923 is equally objectionable and it also falls, but it, too, is separable from the balance of the act and plainly not an inducement to the act.  This leaves the omitted income to be added and assessed at the normal rate, except as the commission shall proceed under sec. 71.115.

*By the Court.*—The motion to quash the alternative writ of *mandamus* is granted.