State ex rel. Courteen v. Cary, 183 Wis. 128.

STATE EX REL. COURTEEN, Respondent, vs. CARY, County Clerk, Appellant.

*January 21—February 12, 1924.*

*Taxation: Income taxes: Reassessment: Income earned in 1913 and not returned.*

Under sec. 1087m—11, Stats. 1919, the duty of the tax commission to investigate and assess income taxes due in 1913 did not begin until evidence of an evasion of the law had been produced; and where such evidence was not produced until 1918, sub. (1), sec. 71.10, Stats., as amended by ch. 389 of the Laws of 1923, did not authorize the tax commission to add the omitted income of the year 1913 to the assessment for the year 1923. p. 131.

APPEAL from a judgment of the circuit court for Milwaukee county: GUSTAVE G. GEHRZ, Circuit Judge. *Affirmed.*

The appeal is from a judgment reversing and setting aside an assessment of the assessor of incomes and income tax board of review of Milwaukee county.

State ex rel. Courteen v. Cary, 183 Wis. 128.

For the appellant there were briefs by the *Attorney General, Franklin E. Bump,* assistant attorney general, *George A. Shaughnessy,* district attorney of Milwaukee county, and *Daniel W. Sullivan,* first assistant district attorney, and oral argument by *Mr. Sullivan.*

For the respondent there was a brief by *Fawsett, Smart & Shea* of Milwaukee, and oral argument by *Edward M. Smart.*

CROWNHART, J.   The questions of law involved in this case which were decided in the *Globe Steel Tubes Co. Case,* filed herewith (*ante,* p. 107, 197 N. W. 578), are considered as ruled by that decision and are not treated here.

The respondent relies on an additional point here, not in issue in the *Steel Tubes Co. Case.* The respondent is the husband of Lena B. Courteen. He made a report of his income for the year 1913, in which was required to be included the income of his wife. The wife had sold real estate in May, 1913, upon which she had received a profit of some $13,000 over and above its value in December, 1911. This was income to be reported, but the respondent failed to report it, and this fact did not come to the attention of the assessor of incomes until December, 1918, when the relator was asked to agree upon the amount of omitted income for assessment for that year. Respondent refused.

Following the enactment of ch. 389, Laws 1923, extending the time of the assessor of incomes in which to make a reassessment to cover omitted income to January 1, 1923, the assessor made a reassessment of relator's income for 1913, and placed the omitted income for that year on the rolls for 1923. From the action of the board of review affirming such reassessment a *certiorari* was had to the circuit court, where judgment was rendered for relator, from which the defendant appeals for a reversal.

The appellant has ably briefed the case, and on this phase of it presents a rather plausible argument. It is the contention of appellant that the income was assessable in 1914, and

being omitted in that year it was assessable in 1915, and being assessable in 1915 the statute of 1923 reaching back to that year required the assessment in 1923 of such omitted tax. If the statute would bear that construction it would bring about a very just assessment. However, we cannot agree with appellant's contention. The statute reads:

"71.11    (1)  Whenever it shall appear probable to the assessor of incomes or the county board of review herein provided for, that any person other than a corporation, joint-stock company or association has been over or underassessed, or that no assessment had been made when one should have been made in any one or more of the next previous three years, such income tax assessor or county board of review may require such person to furnish such information as may be deemed necessary to enable them to ascertain the amount of taxable income received by such person during the year or years in question. Upon such information and such other information as they may be able to discover, they shall determine the true amount of taxable income received during the year or years under investigation. If all or any part of the amount so ascertained shall not previously have been assessed, the same shall be assessed and entered upon the assessment rolls in the year discovered and the normal tax thereon may be computed at twice the original rate. If it shall be found that the assessment was in excess of the actual amount of income received in any one or more of the three previous years, the income tax assessor or county board of review may make allowance as far as possible for such excess in the assessment of the year when such error in assessment shall be discovered. No additional assessment shall be made under this subsection without giving at least ten days' notice in writing of the proposed assessment to the person to be subjected thereto. Such notice may be served by mail."

But the statute up until 1921 read:

"Section 1087m—11.  1. Whenever evidence shall be produced before the state tax commission, which in the opinion of the commission, justifies the belief that in any one or more of the three next previous years the returns made by any corporation, joint-stock company or association are in-

State ex rel. Courteen v. Cary, 183 Wis. 128.

correct, or are made with false or fraudulent intent, or when any corporation, joint-stock company or association has failed or refused to make a return as required by law the state tax commission may require from every such corporation, joint-stock company or association such further information with reference to its capital, income, losses, expenditures and business transactions as is deemed expedient. Upon the information so required the state tax commission may make such additions or corrections to the assessment as is deemed true and just, such correction to be made in the next tax levy. Whenever the state tax commission shall so increase or make subject to tax any income, it shall give notice in writing to the person liable for the payment of the tax on said income of the amount of the assessment. Such notice may be served by registered mail."

Thus it will be noted that the commission's duty to investigate and reassess did not begin until evidence had been produced which would justify its belief that income had been underassessed or omitted, and this evidence was not produced until 1918, more than three years from the time when the income should have been assessed. So it is plain that it was not the duty of the commission to assess such income in 1914, 1915, or 1916. After that time the commission was prevented from acting under the three-year statute.

From this and the history of the legislation, we must find the intent of the legislature in providing for back assessments of omitted income to January 1, 1915. It would seem that nothing is left for interpretation. The intent is clear to reach back after tax evasions to January 1, 1915, and no further. That is the letter of the law and its spirit as well. The legislature could have gone back to 1911 and expressly so stated if that was the purpose. We feel certain the statute leaves nothing to be implied and the court must declare the law as it finds it.

*By the Court.*—The judgment of the circuit court is affirmed.