**MILLER SCRAP IRON & STEEL CO.,**
**Plaintiff,**

v.

**UNITED STATES of America,**
**Defendant (two cases).**

**Nos. 57–C–211, 57–C–212.**

United States District Court
E. D. Wisconsin.

Dec. 17, 1958.

Robert E. Nelson, Green Bay, Wis., for plaintiff.

Charles K. Rice, Asst. Atty. Gen., James P. Garland, Lyle M. Turner, June A. Murray, Attys., Dept. of Justice, Washington, D. C., Edward G. Minor, U. S. Atty., Francis L. McElligott, Asst. U. S. Atty., Milwaukee, Wis., for defendant.

GRUBB, District Judge.

The two named cases have been consolidated for the purposes of the trial. The facts were all stipulated with the exception of the offer of certain exhibits attached to a deposition. These exhibits and the deposition purported to give a revised informal opinion or view of the Wisconsin Department of Taxation.

Having filed timely claims for refunds, plaintiff seeks to recover income taxes paid in the following amounts:

$433.43 with interest thereon from on or about March 15, 1950; and

$369.98 with interest thereon from on or about March 15, 1951.

Plaintiff, hereinafter called Miller, was assessed the amount of $11,753.34, pursuant to a closing agreement with the Wisconsin Department of Taxation. Included in this amount is an item of $3,-806.88, assessed under Section 71.11(6), Wis.Stats.1949. Miller did not deduct this sum on its 1950 United States and Wisconsin corporation income tax returns. In 1953 this sum was allowed as a deduction by a Field Auditor for the Wisconsin Department of Taxation for the year 1950.[1]

Miller then filed a claim for refund of United States corporation tax paid for the year 1950, claiming that the amount of $3,806.95 was deductible in computing net income under Section 23(c) (1), Title 26 U.S.C.A., Internal Revenue Code 1939. The allowance of this deduction for the year 1950 will give rise to a net operat-

---

1. The defendant offered depositions of certain members of the Wisconsin Department of Taxation which, if received in evidence, would indicate that following the ruling of the auditor with reference to these particular returns, the department, at least informally, changed its views with reference to this problem.

ing loss for 1950, and a net operating loss carry-over for the year 1949.

Section 71.11(6), Wis.Stats.1949, provides as follows:

"(6) Double assessment. Any person failing to make an income tax report or making an incorrect income tax report, with intent in either case to defeat or evade the income tax assessment required by law, shall be assessed at twice the normal income tax rate by the proper taxing authority. Such increased assessment shall be in addition to all other penalties of section 71.11."

The statute does not clearly designate the nature of the payment exacted thereunder. The general heading of section 71.11 is "Administrative provisions; penalties", while subsection (6) thereof is entitled "Double assessment" and speaks of an assessment at "twice the normal income tax rate" and "in addition to all other penalties" provided therein.

Section 23, Title 26 U.S.C.A., 1939, is as follows:

"23. Deductions from gross income. In computing net income there shall be allowed as deductions: * * *

"(c) Taxes generally.

"(1) Allowance in general. Taxes paid or accrued within the taxable year, except—* * *"

The question presented on this trial is whether an amount paid pursuant to assessment under Section 71.11(6), Wis. Stats.1949 constitutes "taxes paid or accrued" for the purposes of Section 23, I.R.C.1939, or is non-deductible as a "penalty" or sanction.

Miller contends that such assessment must be considered "taxes paid" because of the language used in the proceedings with the Wisconsin Department of Taxation, such as "tax twice the normal rate" and "Summary of Taxes under Section 71.11(6)". It points out that this amount was allowed as a deduction by the Wisconsin tax authorities, and that the department based a computation of Teacher's Retirement Fund Surtax on the amount in question. It urges that the payment was one of normal or regular or usual tax, similar to the normal tax imposed by Section 71.01, Wis.Stats. 1949. Miller also refers to a number of decisions in which payments similar to those under Section 71.11(6) or the allegedly analogous Section 293(b), 26 U.S.C.A., I.R.C.1939, have been construed as not constituting a penalty. It contends that the payments, not being in the nature of a penalty, constitute a part of the tax and are deductible from gross income.

It is the government's position that this payment constitutes a "penalty" and that permitting a deduction thereof would frustrate the policy of the State to promote the timely and correct payment of taxes due by imposing exactions under this section. No court decisions have been cited construing the nature of payments under Section 71.11(6) for the purpose of determining their deductibility as taxes paid under Section 23(c) (1), I.R.C.1939.

While it appears that the Wisconsin Department of Taxation in this instance treated this payment in some respects as though it were a payment of tax by allowing it as a deduction and by basing additional computations thereon, elsewhere the department has characterized such a payment as a penalty.[2]

The Supreme Court of Wisconsin has also referred to such an exaction as a penalty, and has characterized the section imposing it as a "penalty statute".[3]

Section 293(b), I.R.C.1939, Title 26, U.S.C.A., is similar to the Wisconsin statute in question here. This provides:

"§ 293. Additions to the tax in case of deficiency
* * * * * *

"(b) Fraud. If any part of any deficiency is due to fraud with intent

---

2. See Fred A. Lange, Jr. v. Wisconsin Department of Taxation, 3 Wis.B.T.A. 295, 309.

3. Platon v. Department of Taxation, 1953, 264 Wis. 254, 58 N.W.2d 712.

to evade tax, then 50 per centum of the total amount of the deficiency (in addition to such deficiency) shall be so assessed, collected, and paid, in lieu of the 50 per centum addition to the tax provided in section 3612 (d) (2). 53 Stat. 88."

The nature of payments imposed thereunder have been construed in Helvering v. Mitchell, 1938, 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917, for the purpose of determining whether acquittal of a taxpayer under an indictment for a wilful attempt to evade and defeat tax barred assessment of the 50% addition to tax under Section 293(b). The court held that acquittal on the criminal charge did not bar such assessment since payments imposed under Section 293(b) were in the nature of a "civil administrative sanction" and therefore distinguishable from criminal penalties. They were held to be of a remedial character, and considered to be primarily a safeguard for the protection of the revenue. A purpose of their imposition was the reimbursing of the government for the heavy expense of investigation and the loss resulting from taxpayer's fraud. The term "remedial" was used in the sense of providing indemnity for loss, the taxpayer's liability being measured by double the loss.

In Kirk v. Commissioner of Internal Revenue, 1 Cir., 1950, 179 F.2d 619, 15 A.L.R.2d 1031, it was held that a payment under Section 293(b) was recoverable from the estate of the deceased taxpayer who fraudulently underestimated his taxable income with intent to evade income tax. Following the Mitchell case, the court characterized the payment as "remedial" and as a "sanction", as distinguishable from a criminal penalty which could not have been enforced against the estate.[4]

Assuming arguendo that the exaction of the Wisconsin statute is a civil sanction rather than a penalty, it does not follow that a payment, characterized as a sanction (or as compensation for loss resulting from taxpayer's own acts) is within the concept of what constitutes a tax as formulated by Wisconsin decisions.

"Taxes are the enforced proportional contributions from persons and property, levied by the state by virtue of its sovereignty for the support of government and for all public needs." This quotation of the opening sentence from Cooley on Taxation (3d ed.) is cited with approval in Fitch v. Wisconsin Tax Comm., 1930, 201 Wis. 383, 230 N.W. 37. See also City of DePere v. Public Service Comm., 1953, 266 Wis. 319, 63 N.W.2d 764.

An assessment at twice the normal rate of tax may be considered a proportional assessment to the extent that it is related to the computation of the normal tax and applies equally to those persons either failing to make an income tax report or making an incorrect return with intent to defeat or evade the income tax assessment required by law. Since it is greatly disproportionate to the normal rate imposed, its primary purpose would appear to be in the nature of a sanction and a deterrent, as well as compensation to the State for the additional expenses incurred in the imposition and collection thereof, rather than a tax as defined above. It should be noted that the elements of coercion and restitution inherent in "civil sanctions" are no more an intended and proper purpose for a tax than are the "punitive" elements of a criminal penalty.

Counsel for Miller contended on argument that there had never been a finding of fraud, and that the payment was made pursuant to a Closing Agreement with the Wisconsin Department of Taxation. The designation in that agreement that the amount in question was imposed under Section 71.11(6) was agreed to by Miller and is binding on it in this action. The question whether Miller was within the purview of the section, or whether

---

4. Accord: Reimer's Estate v. Commissioner of Internal Revenue, 6 Cir., 1950, 180 F.2d 159; Scadron's Estate v. Commissioner of Internal Revenue, 2 Cir., 1954, 212 F.2d 188.

the sanctions thereof were properly invoked is not before this court.

The government rightly urges that allowing a deduction as "taxes paid" for payments imposed as a double assessment under the statute in question would frustrate expressed public policy of the State of Wisconsin. It is pointed out that the provision for double taxation was enacted as a result of the Governor of Wisconsin's request to the 1923 session of the Wisconsin legislature for a penalty in instances similar to the one herein involved. This legislative background is cited in State ex rel. Globe Steel Tubes Co. v. Lyons, 183 Wis. 107, 197 N.W. 578. It reveals a purpose to prevent income tax fraud. The additional assessment was conceived of as a penalty.

A consequence of permitting the deduction for federal income tax purposes would be a mitigation to Miller, to the extent of the amounts sought to be recovered herein, of the payments imposed by Section 71.11(6). In other instances this might result in a mitigation up to 90% of such payments. Whether it be considered that the statute is coercive as a sanction, or punitive as a penalty, its effect would thereby carry less "sting".

Tank Truck Rentals v. Commissioner, 1957, 356 U.S. 30, 78 S.Ct. 507, 2 L.Ed.2d 562 considered the question of the deductibility of fines imposed for violation of state maximum weight laws as "ordinary and necessary" business expenses under Section 23(a) (1) (A) of the Internal Revenue Code of 1939. The court states the test of nondeductibility as "the severity and immediacy of the frustration resulting from allowance of the deduction" and holds that the deduction of fines and penalties frustrates "state policy in severe and direct fashion by reducing the 'sting' of the penalty prescribed by the state legislature." 356 U.S. at page 36, 78 S.Ct. at page 508.

The question of the deductibility of payments made pursuant to Section 71.11 (6), Wis.Stats.1949 as "taxes paid" under Section 23(c) (1), Internal Revenue Code 1939, is original. Under Wisconsin law the concept of tax is not so comprehensive as to include within it an "addition to tax", generally designated by the Wisconsin Supreme Court as a penalty and imposed to promote the prevention of fraud, and that is included in the provisions of the statutes relating to penalties. It follows that the payments in question here are not deductible as taxes paid.

The court hereby adopts the stipulated facts as its findings of fact herein. Its conclusions of law are as set forth above. Defendant's counsel is directed to prepare the order for judgment and judgment in conformity herewith, submitting the same to plaintiff's counsel for approval as to form only.