Glenn A. BACON, Petitioner-Respondent,

v.

Wisconsin DEPARTMENT OF REVENUE,
Respondent-Appellant.†

Court of Appeals

*No. 83–497. Submitted on briefs December 8, 1983.—
Decided February 1, 1984.*
(Also reported in 345 N.W.2d 888.)

For the respondent-appellant, the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *John J. Glinski,* assistant attorney general.

For the petitioner-respondent, the cause was submitted on the brief of *Robert L. Swanson* of *DeMark, Kolbe & Brodek, S.C.* of Racine.

---

† Petition to review denied.

Before Scott, C.J., Brown, P.J., and Robert W. Hansen, Reserve Judge.

SCOTT, C.J.   The Wisconsin Department of Revenue appeals from a judgment and an order vacating a decision of the Wisconsin Tax Appeals Commission upholding a 1978 assessment against Glenn A. Bacon for additional taxable income for the year 1971. The primary issue before us is whether the assessment was barred by the four-year limitation period under sec. 71.11(21)(bm), Stats.,[1] or authorized by secs. 71.11(21)(g)2[2] and 71.11(21m).[3] We hold that secs. 71.11(21)(g)2 and 71.11

[1] Section 71.11(21), Stats., provides, in part:
ADDITIONAL ASSESSMENTS AND REFUNDS; WHEN PERMITTED. (a) Additional assessments and corrections of assessments by office audit or field investigation may be made of income of any taxpayer if notice under sub. (22) is given within the time specified in this subsection.
(bm) With respect to assessments of income received in the calendar year 1954 or corresponding fiscal year or in subsequent years, notice shall be given within 4 years of the date the income tax or franchise tax return was filed except as provided in s. 71.10(10)(j).
[2] Section 71.11(21)(g), Stats., provides:
Notwithstanding any other limitations expressed in this chapter, an assessment or refund may be made:
. . . .
2. If notice of assessment or refund is given to the taxpayer within 90 days of the date on which the department receives a report from the taxpayer under sub. (21m) or within such other period specified in a written agreement entered into prior to the expiration of such 90 days by the taxpayer and the department. If the taxpayer does not report to the department as required under sub. (21m), the department may make an assessment against the taxpayer after discovery by the department of the requirement of such reports within 10 years after the date on which the tax return is filed. This 10-year time limitation shall not apply to assessments made under par. (c).
[3] Section 71.11(21m), Stats., provides:
INTERNAL REVENUE SERVICE ADJUSTMENTS AND AMENDED RETURNS. If the amount of taxable income for

(21m) were intended to extend the period for state assessments if the taxpayer fails to notify the Department within ninety days after final determination of a change or correction in the federal taxable income. However, because the federal assessment in this case occurred prior to the effective date of these provisions and because we find no specific intent of retroactivity, we conclude that Bacon had no duty to notify the Department of the assessment.[4] Therefore, we affirm the circuit court's determination that the Department assessments were barred by sec. 71.11(21)(bm), Stats.

The facts in this case are not in dispute having been stipulated to by the parties in the proceedings before the Tax Appeals Commission. Glenn Bacon filed a 1971 Wisconsin Individual Income Tax Return in 1972. Under sec. 71.11(21)(bm), Stats., the applicable statute at the time, the Wisconsin Department of Revenue had four years from the due date of the tax return to assess additional taxes. This period expired on April 15, 1976.

During this period, the Internal Revenue Service challenged Bacon's federal tax return by assessing additional

---

any year of any taxpayer as reported to the internal revenue service is changed or corrected by the internal revenue service or other officer of the United States, such taxpayer shall report such changes or corrected income to the department within 90 days after its final determination and shall concede the accuracy of such determination or state how the determination is erroneous. Such changes or corrections need not be reported unless they affect the amount of income reportable or tax payable under this chapter. Any taxpayer filing an amended return with the internal revenue service, or with another state if there has been allowed a credit against Wisconsin taxes for taxes paid to that state, shall also file, within 90 days of such filing date, an amended return with the department if any information contained on the amended return affects the amount of income reportable or tax payable under this chapter.

[4] We certified the issue of retroactive application of these statutes. The supreme court denied the certification.

dividend income. Bacon appealed this adjustment, and the resulting dispute was settled on June 8, 1977 before the United States Tax Court, which found a tax deficiency in Bacon's returns and increased his taxable income. Subsequent to the IRS assessment but prior to resolution by the United States Tax Court, the Wisconsin legislature enacted secs. 71.11(21)(g)2 and 71.11(21m), Stats. These provisions became effective on May 5, 1976. Bacon did not report the federal tax assessments to the Wisconsin Department of Revenue, as required by sec. 71.11(21m). On October 9, 1978, after learning of the federal assessments, the Department issued a notice of state assessment pursuant to secs. 71.11(21)(g)2 and 71.11(21m).

Bacon objected to the state assessments on the grounds that the limitation period for making state income tax assessments had expired under sec. 71.11(21)(bm), Stats. The Tax Appeals Commission in a 3–2 decision ruled in favor of the Department of Revenue, holding, that Bacon's failure to notify the Wisconsin Department of Revenue of the federal assessments was in violation of the notice requirement of sec. 71.11(21m). The Commission determined that secs. 71.11(21)(g)2 and 71.11(21m) were unambiguous and applied retroactively to Bacon's 1971 tax return.

On appeal, the circuit court reversed, holding that because the statute of limitations under sec. 71.11(21)(g)2, Stats., was prospective, the state was barred from making assessments on Bacon's 1971 income because of expiration of the four-year limitation period provided under sec. 71.11(21)(bm). The Department appeals from this order.

The Department argues that secs. 71.11(21m) and 71.-11(21)(g)2, Stats., apply retroactively to Bacon's 1971 taxable income. Relying on the plain meaning of the statutes, it contends that because sec. 71.11(21m) pro-

vides that the notice requirement for taxable income applies to income for *"any year,"* and sec. 71.11(21)(g)2 indicates the applicability of the notice requirement *"[n]otwithstanding any other limitations"* to assessments within ten years, assessment of Bacon's 1971 state tax return is permitted under these statutes.

While agreeing with the Department's reading of the plain meaning of secs. 71.11(21m) and 71.11(21)(g)2, Stats., vis-a-vis other limitations, we nevertheless conclude that the state's additional assessment on Bacon's 1971 income was improper. We hold that the ten-year limitation period specified under sec. 71.11(21)(g)2 applies *only if* the taxpayer fails to comply with the requirements of sec. 71.11(21m) which created a new duty on the part of the taxpayer to notify the Department within ninety days of a "final determination" of a change or correction in the taxpayer's taxable income by the Internal Revenue Service. Absent some legislative intent indicating that this provision was to have a retroactive application, a failure to comply with this newly created duty would activate the expanded period for assessments under sec. 71.11(21)(g)2 only after May 5, 1976, the effective date of sec. 71.11(21m).

In this case, the federal assessment, the final determination by the IRS of a change or correction in Bacon's taxable income, occurred prior to the effective date of secs. 71.11(21)(g)2 and 71.11(21m), Stats.[5] Bacon had

---

[5] Some uncertainty as to the applicability of these provisions may remain, despite our holding regarding retroactivity, due to the meaning of "final determination" under sec. 71.11(21m), Stats. In this case, the IRS made an additional assessment on Bacon's taxable income prior to the May 5, 1976 effective date of the provision, but the matter was not fully resolved until June 8, 1977 when the United States Tax Court rejected his appeal. Should the decision of the United States Tax Court represent the "final determination," the notice requirement of sec.

no duty to notify the Department at the time the federal assessment was made. Finding no indication that the notification requirements of sec. 71.11(21m) were to apply retroactively, we conclude that the ten-year limitation period for state assessments under sec. 71.11(21)(g)2 was inapplicable to Bacon's 1971 taxable income.

We reach this holding even though aware of the fact that Wisconsin courts have not hesitated to give retroactive effect to tax statutes. *See State ex rel. Globe Steel Tubes Co. v. Lyons,* 183 Wis. 107, 197 N.W. 578 (1924); *Schuette v. Tax Commission,* 234 Wis. 574, 292 N.W. 9 (1940). The Department argues that the results in *Globe* and *Schuette* support a determination that the requirements of secs. 71.11(21)(g)2 and 71.11(21m), Stats., should be applied retroactively to Bacon. We disagree with this position for two reasons.

First of all, there is no clear indication that the legislature intended these statutes to apply retroactively. There is no question in view of these past cases that the legislature can reopen and extend the limitation period for assessments—*provided the legislative intent supports retroactive application.* Unless it is plain that the legistive purpose was for retroactive application, a statute should be construed prospectively. *Globe* at 121, 197 N.W. at 583. Here, it is evident from the plain meaning

71.11(21m) and the expanded limitation period under sec. 71.11 (21)(g)2 would clearly apply to Bacon, thus making the state assessment on his 1971 income appropriate. However, such a construction would have the absurd and unfair result of making Bacon liable for the additional state assessment only because he asserted his legitimate right to appeal the federal assessment; had he not appealed to the United States Tax Court, these provisions would not apply. We decline to adopt this construction and, therefore, hold that a final determination of a change or correction in the federal taxable income refers to an assessment by the IRS on the taxpayer's income.

of the statutes that the legislature intended to expand the assessment period *in the event that the taxpayer failed to notify the Department within ninety days of federal changes or corrections in the taxable income.* Although it is clear the legislature intended to expand the period for assessments where this duty has been violated, it is not plain that the legislature intended to apply this duty retroactively to taxpayers so assessed prior to the effective date of the statutes. In the absence of such plain intent, we construe this duty prospectively.

Secondly, we find the *Globe* and *Schuette* cases inapplicable to the facts in this case. In both *Globe* and *Schuette,* legislation reopening and enlarging the period within which additional assessments could be made on taxable income was upheld. In upholding the new legislation, the court stressed that the previous statutory limitation period did not serve as a statute of limitations in favor of the taxpayer.

"That claim is untenable. The limitation was on the commission's authority to go back and reassess beyond the three previous years. But the [previous] statute did not wipe out the obligation of the income owner to pay his tax."

*Globe* at 121, 197 N.W. at 583. The taxpayer acquires no vested rights against the state as to assessments on taxable income which should have been made. *Id.* However, in those cases, the statutory changes did not create a new duty on the part of the taxpayer as a condition for extending the assessment period but rather simply extended the time period for collection of the tax.

Here, sec. 71.11(21m), Stats., created a new obligation on the part of the taxpayer. The Department's authority to reach back to make additional assessments is dependent upon a violation of this duty. Sections 71.11(21)(g) 2 and 71.11(21m) did not simply enlarge or reopen an existing duty, as was the case in *Globe* and *Schuette,* but

created a new duty. We decline to give this new duty retroactive effect absent any legislative intent in support of such application.

*By the Court.*—Judgment and order affirmed.

