CITIZENS INDUSTRIAL BANK *v.* BRUMMELER.

1. EXECUTION—REAL PROPERTY OF PERSONS OTHER THAN DEBTOR.
   A creditor's right to sell the real property of his debtor not exempt from execution to satisfy his debt gives him no authority to levy upon or sell the property of others.

2. SAME—COMMON LAW.
   At common law the real property of a debtor was not subject to levy and sale under execution.

3. FRAUDULENT CONVEYANCES—HUSBAND AND WIFE—CONSIDERATION.
   Creditor made *prima facie* case in aid of execution by showing debtor's obligation, judgment rendered thereon, execution returned unsatisfied, levy upon nonexempt property in question and evidence of its conveyance by the debtor to his wife and cast burden on debtor and wife to show she was owner in good faith for a valuable consideration.

4. SAME—HUSBAND AND WIFE—CONSIDERATION—INTENT.
   Judgment creditor under bill in aid of execution *held*, not entitled to sell lot under execution sale where it stood in name of debtor's wife, having been deeded to her as security for sum advanced to her husband, the intent of the parties evidently having been to accord her a preference and evade necessity of foreclosure.

5. SAME—PARENT AND CHILD—CONSIDERATION.
   Deed by father to daughter although made for a laudable purpose *held*, without valid consideration as against his creditors for debts incurred while he was the record owner thereof, hence subject to levy of execution sale.

Appeal from Ottawa; Miles (Fred T.), J. Submitted January 14, 1936. (Docket No. 62, Calendar No. 38,471.) Decided March 2, 1936. Rehearing denied April 7, 1936.

Bill by Citizens Industrial Bank against Frank W. Brummeler, Alfred J. Brummeler, William G.

Brummeler and wife, William M. Hoekstra and Marguerite Whitney to aid in the levy of execution on certain lands and to set aside deeds and other relief. Decree for plaintiff but dismissing bill as to defendants Frank W. Brummeler and Hoekstra. Defendants William G. Brummeler and wife and Whitney appeal. Decree affirmed as to defendant Whitney and reversed as to Minnie Brummeler.

*Benn M. Corwin,* for plaintiff.

*Clare J. Hall,* for defendants.

Potter, J. December 24, 1932, plaintiff recovered a judgment in the circuit court for Kent county against Frank W. Brummeler, Alfred J. Brummeler, William G. Brummeler and William M. Hoekstra for $1,222.91 damages and costs taxed at $23, which judgment bore seven per cent. interest. This judgment was recovered upon indebtedness contracted by the defendants on or before February 2, 1932.

August 26, 1933, plaintiff recovered another judgment against Frank W. Brummeler, Alfred J. Brummeler and William G. Brummeler for $3,117.54 damages and $23 costs, which judgment also bore interest at the rate of seven per cent. The indebtedness whereon this judgment was recovered was incurred on or before February 2, 1932.

Executions were issued upon each of these judgments and returned unsatisfied, whereupon *alias* executions were issued to the sheriff of the county of Ottawa, who levied upon the lands and premises here in dispute. Plaintiff then filed a bill in aid of execution.

At the time defendant William G. Brummeler contracted the indebtedness involved in this suit, he had the record title to lots 6, 13, 23, 95, 121 and 132

of Port Sheldon Beach, in Ottawa county. April 28, 1932, defendant William G. Brummeler and wife Minnie conveyed lots 13, 95, 121 and 132 of the plat of Port Sheldon Beach to Dorothy L. Quinn and on the same day Dorothy L. Quinn reconveyed lots 95, 121 and 132 to William G. Brummeler and wife Minnie, and on the same day Dorothy L. Quinn conveyed lot 13 to Minnie Brummeler, wife of William G. Brummeler, and on the same day William G. Brummeler and wife Minnie conveyed lot 6 to Marguerite Whitney.

Plaintiff claims these conveyances were mere shams made to hinder, delay and defraud creditors of the defendant William G. Brummeler; that Minnie Brummeler holds lot 13 in trust for William G. Brummeler and for his use and benefit; that William G. Brummeler and wife Minnie hold lots 95, 121 and 132 in trust; and that Marguerite Whitney paid no consideration for lot 6 and holds the same in trust.

At the time the indebtedness was contracted upon which suit was brought and the judgments above named recovered, William G. Brummeler made and filed a statement in writing that he was the owner of real estate in his own name and unincumbered of the value of $5,400.

It is conceded plaintiff's decree is good as to lots 95, 121 and 132. The only controversy is over lots 13 and 6. Defendant Minnie Brummeler insists she owns lot 13.

The creditor is entitled to sell the real property of the debtor not exempt from execution to satisfy his debt. But this gives him no authority to levy upon or sell the property of others. At common law the real property of a debtor was not subject to levy and sale under execution. *Riggs* v. *Sterling,* 60

Mich. 643 (1 Am. St. Rep. 554). But, under the statutes in this State, the interest of the debtor in real estate not exempt from execution may be levied upon and sold.

The creditor made a *prima facie* case when it introduced evidence of the debtor's obligation, judgment rendered thereon, execution returned unsatisfied, the levy upon the property in question, and evidence of the conveyance of the real estate by the debtor. The burden was then upon debtor and the person claiming the property to show the wife, Minnie, was the owner in good faith for a valuable consideration of the property conveyed to her. It is shown the wife advanced $2,000 to her husband, the debtor, and took the deed of this lot therefor. There is testimony by the wife in which she says the deed in question was given to secure her the $2,000 advanced by her to her husband. It is strenuously contended, therefore, the deed in question was security merely, an equitable mortgage, consequently protected only by the record thereof, as a mortgage which could be enforced by her only by foreclosure; the title to the property was in the debtor; and her security not being of record constitutes no defense against the execution levy.

The intention of both Mr. Brummeler, the debtor, and his wife was to prefer her over other creditors to the extent of the money which she had advanced to him and, by the deeds in question, to do everything requisite and necessary to accomplish that result. Her testimony viewed as a whole indicates her claim in relation to this deed was that the real estate in question was deeded to her absolutely, to make her sure, to the extent of its value, she was repaid for the $2,000 advanced to her husband; that the title to the real estate in question was conveyed to

her absolutely and not to be considered as an equitable mortgage which it would be necessary for her to record among the mortgages in the register of deeds' office to protect against the creditors and which, to enforce, it would be necessary for her to foreclose. The evident intention of the parties was to deed the property to her, constitute a preference and evade the necessity of foreclosure, and convey the title to her for her use and benefit. We hold the creditor is not entitled to sell lot 13, standing in the name of the wife, under execution sale.

A different question is presented as to the title of Marguerite Whitney. It is claimed she paid no consideration for lot 6, that she holds the title to the same in trust. She defends upon the theory that during the world war she performed services for her father in his office; that she never received pay therefor; that her brother was given a college education; and this deed was executed to her for the purpose of placing what she received on a parity with what her brother had received. There is no proof she charged her father anything for the services rendered. Her right to recover therefor was barred by the statute of limitations (3 Comp. Laws 1929, § 13976). There is nothing of record to show there was anything more than a verbal understanding she was to be placed on a parity with her brother. The deed to her, while it might have been in good faith and for a proper purpose, under the circumstances, had the effect of hindering and delaying creditors; and we think, under the circumstances, this deed was made without valid consideration as against the creditors of William G. Brummeler. The deeds and conveyances whereby Marguerite Whitney obtained title to lot 6 may be set aside and plaintiff may proceed against it under its execution.

Decree will be reversed, with costs, as to Minnie Brummeler—and affirmed, with costs, as to 'Marguerite Whitney.

North, C. J., and Fead, Wiest, Butzel, Bushnell, Edward M. Sharpe, and Toy, JJ., concurred.