BANKING COMMISSION, Appellant, vs. BUCHANAN and others, Respondents.

*March 18—April 12, 1938.*

For the appellant there was a brief by *Graves & Earll* of Prairie du Chien, and oral argument by *J. S. Earll*.

For the respondents there was a brief by *W. H. Stafford* and *Harold E. Stafford,* attorneys, and *Marshall Norseng* of counsel, all of Chippewa Falls, and oral argument by *Harold E. Stafford*.

FOWLER, J.   The appellant attacks the findings of the court as against the "clear preponderance and great weight of the evidence."   There are many circumstances in evidence which we need not relate that would amply have supported contrary findings of fact had the court made such findings. Item (3) referred to in the preceding statement of facts, relating to the assumption of business debts of the father, is particularly subject to attack.   But the notes involved in item (1) were genuine and valid when given; and the findings as to wages involved in item (2) is supported by the evidence.   These two items aggregate $9,501.42.   If item (3) be excluded these two items manifestly make up a "fair consideration" for the conveyances under sec. 242.03, Stats., unless the notes and two years of wages should be excluded on the ground that outlawed debts cannot constitute consid-

eration of conveyances attacked as in fraud of creditors. The appellant contends that the rule in this state is that they do not constitute such consideration. The respondents contend that such debts may be so included.

The appellant bases its claim that the outlawed notes should be excluded as consideration for the conveyances upon a statement in the opinion in *Liver v. Thielke*, 115 Wis. 389, 91 N. W. 975, wherein a mortgage was attacked as in fraud of creditors. A husband had conveyed property to his wife without consideration. The wife had immediately mortgaged it to her father without her husband's knowledge or consent to secure the payment of $1,500 which the father claimed the husband owed him. Among the items claimed to make up the $1,500 debt were two items against which the statute of limitations had run. Of this the opinion says, page 392:

"Both claims had been outlawed many years before the mortgage was given. It is the settled law of this state that the effect of the statute of limitations is to completely extinguish the right upon which it has operated. *Eingartner v. Illinois Steel Co.* 103 Wis. 373, 79 N. W. 433. Mrs. Frey [the wife] had no power to resuscitate or to give these extinguished claims any legal validity."

These two items were excluded as not constituting consideration. Other items of claim were excluded as never having existed. One item of $185 was a valid obligation. Other items aggregating $800 were included to cover the father's liability for indorsement of the husband's notes upon which the father had not yet paid anything. Of this the opinion says, page 393:

"We do not say that Thielke [the father] might not, under proper circumstances, have taken security for his contingent liability on the notes mentioned, but, inasmuch as the mortgage largely exceeds any real or contingent claim he

had against Frey [the husband], it became presumptively fraudulent."

The court held that the mortgage was not executed in good faith, and could not be "easily reconciled on any other theory than that he [the father] was assisting Mrs. Frey in placing the land [conveyed to her] beyond the reach of creditors," and was "void as to creditors."

The *Liver Case* is distinguishable from the instant one in two particulars: (1) The husband was not the one who attempted to "resuscitate" the outlawed debts. Saying that the wife had no power to "resuscitate" them does not imply that the husband had no such power or that the father in the instant case had no power to "resuscitate" his outlawed debts. (2) That claims are outlawed is under all the cases a circumstance bearing upon whether a conveyance was fraudulent in fact. (See note, 109 A. L. R. 1220.) It was considered strongly persuasive upon that point in the *Liver Case,* while it did not necessarily appear so to the trial court under all the circumstances of the instant case.

The rule is general that the fact that a debt in satisfaction of which a debtor executes a conveyance is barred by the statute of limitations does not in itself render the conveyance fraudulent as to creditors. A multitude of cases is cited to this proposition in the text in 27 C. J. p. 539, § 232, and in the A. L. R. note above cited. Apparently the only case to the contrary is *Crawford v. Carper* (1870), 4 W. Va. 56, 71. In *Citizens Industrial Bank v. Brummeler,* 274 Mich. 616, 265 N. W. 481, 482, the fact that the right to recover was barred by the statute of limitations is considered in connection with paucity of proof as to the existence of an agreement to pay for services as rendering a conveyance fraudulent as to creditors. One may prefer one creditor over another in transferring property, subject to attack in the bankruptcy courts if the transfer is within the prohibited

period of the bankruptcy statute. *Farmers Exchange Bank v. Oneida Mfg. Co.* 202 Wis. 266, 232 N. W. 536. If a conveyance is fraudulent in fact, although full consideration is paid, it will be set aside, as where a grantee should pay full consideration in cash or property subject to ready concealment for the purpose of aiding a debtor in his attempt to hinder and delay his creditors. But where a *bona fide* transfer is made and a fair consideration exists as defined by sec. 242.03, Stats., a conveyance will be upheld. We cannot say, contrary to the finding of the circuit court, under all the evidence in this case, which we see no need to detail, that the conveyances here attacked are not *bona fide* and for a fair consideration.

It should also be mentioned that the statement in the opinion of the *Liver Case, supra,* that "the effect of the statute of limitations is to completely extinguish the *right* upon which it has operated" must not be taken as meaning extinguishing the debt, enforcement of which is barred, and as placing the debt beyond the power of the debtor to pay it, or to toll the statute by payment upon it, or otherwise recognize it or take it out of the statute by other legal methods. A debt is not destroyed by the running of the statute. Although a note be outlawed, a mortgage securing it may be foreclosed, without judgment for deficiency. 4 Callaghan's Wis. Dig. p. 3387, § 18. A mortgage is but security for a debt. It is a mere incident to the debt. 4 Callaghan's Wis. Dig. p. 3732, § 51. Without a debt there can be no mortgage. Thus an outlawed note secured by mortgage remains a debt although it is not enforceable against the will of the debtor. Reference to the opinion in the *Eingartner Case, supra,* on which the statement in the *Liver Case* above quoted is based, discloses this. What is there spoken of as "extinguished" is the right of enforcement, "not actual satisfaction of the right [debt] by the operation of the statute of limitations." The effect

of the statute is merely "to forever prevent the judicial enforcement of the demand [debt] affected by it against the will of the owner of the prescriptive right," the debtor. See page 376. The whole point of the *Eingartner* decision is that when the right of enforcement of a cause of action has been barred by the statute of limitations, the person against whom the cause of action lay acquires a vested right to insist on the bar of the statute, and he cannot be deprived of that vested right by suing him in a jurisdiction in which the statute of limitation of that jurisdiction has not run against the suit.

*By the Court.*—The judgment of the circuit court is affirmed.