WISCONSIN FARMER COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 105917.   Promulgated January 20, 1942.

*Denver A. Busby, C. P. A.*, for the petitioner.
*Edward C. Adams, Esq.*, for the respondent.

OPINION.

ARUNDELL: The question before us is whether or not petitioner is entitled to deduct from gross income of the taxable year an amount representing additional income taxes and interest thereon asserted against petitioner by the State of Wisconsin for years prior to the taxable year.

Petitioner contends that three of the years to which the additional taxes relate were barred by limitation prior to the taxable year but were reopened for assessment purposes by a statute passed by the State of Wisconsin in the taxable year. It asserts that the passage of the statute in the taxable year caused the additional taxes to accrue in that year. Petitioner maintains that, in any event, no liability for the additional taxes existed until the officers of petitioner decided to admit liability in a compromise settlement. Respondent argues that neither the additional taxes nor the interest thereon accrued in the taxable year. He maintains that the additional taxes accrued in the years in respect of which they were imposed and that the interest accrued in the year following the taxable year.

The provisions of Wisconsin law which are material to our consideration of petitioner's argument with relation to the additional state taxes imposed for 1931, 1932, and 1933 are section 71.11 (5) of the Wisconsin Statutes of 1931 and section 71.115 (1) (a) of the Wisconsin Statutes which was enacted in 1937 at a special session of the legislature.

We turn first to petitioner's contention that the passage of section 71.115 (1) (a)[1] in the taxable year caused a liability for some of the additional taxes to spring up in that year. Petitioner's argument is presumably based upon the premise that the expiration of the statutory limitation period contained in section 71.11 (5) of the Wisconsin Statutes of 1931[2] erased not only the authority of the tax commission to collect the tax, but also petitioner's obligation to pay the tax. We are of the opinion that this premise is not sound. It is true that under the law of Wisconsin the expiration of a statutory limitation period usually erases not only the remedy (in this case the assessment), but also eliminates the substantive right upon which a cause of action might be based. *Eingartner* v. *Illinois Steel Co.*, 103 Wis. 373; 79 N. W. 433; *Long* v. *Mates*, 219 Wis. 414; 263 N. W. 371; but cf. *Banking Comm.* v. *Buchanan*, 227 Wis. 544; 279 N. W. 71. The Wisconsin authorities, however, have enunciated a different rule with regard to limitations for additional assessments of tax by the state tax commission. In *State ex. rel. Globe Steel Tubes Co.* v. *Lyons*, 183 Wis. 107; 197 N. W. 578, the Supreme Court of Wisconsin stated that a state statute imposing a period of limitation upon the assessment or reassessment of taxes was not a statute of limitation under which

---

[1] 71.115 Years open to audit and adjustment. (1) Additional assessments and corrections of assessments by office audit or field investigation may be made of income of any taxpayer if notice pursuant to section 71.12 is given within the time specified in this subsection.

(a) Subsequent to the enactment of this subsection and prior to April 1, 1938, such notice may be given with respect to income received in any year or years subsequent to the calendar year 1926 or corresponding fiscal year. A notice pursuant to section 71.12 given prior to the enactment of this subsection shall not preclude the tax commission or the assessor of incomes from giving a notice within the time herein specified unless heretofore the assessment or correction based upon such prior notice has become final and conclusive under the provisions of sections 71.12, 71.13, 71.14, 71.15, and 71.16. In instances where an additional assessment or correction of an assessment based upon such prior notice has not become final and conclusive, the record and proceedings in respect thereto shall be applicable to any notice given within the time herein specified, unless, within twenty days after such latter notice, an application for hearing is filed in accordance with section 71.12, in which case the former record and proceedings shall be vacated and new proceedings taken in accordance with sections 71.12, 71.13, 71.14, 71.15, and 71.16. [Effective date, Oct. 6, 1937.]

[2] (5) Additional assessments and corrections of assessments may be made of income of any taxpayer if such corrections are made within seven years after the close of the period covered by the income tax return, provided that after July 1, 1933, additional assessments or corrections and assessments may be made if such assessments and corrections are made within four years after the close of the period covered by the income tax return, but if no return is filed for any of the years since January 1, 1911, income of such years may be assessed when discovered.

expiration of the statutory period would eliminate the taxpayer's obligation to pay the tax. The rule of the *Globe Steel Tubes* case was recently applied by the Supreme Court of Wisconsin to section 71.11 (5) of the 1929 Statutes of Wisconsin, a provision similar in all material respects to 71.11 (5) of the 1931 statutes upon which petitioner here relies. The court stated in its opinion in *Schuette* v. *Wisconsin Tax Commission*, 234 Wis. 574; 292 N. W. 9:

> Under the rule of the *Globe Steel Tubes Co.* case, the statute is not a limitation in favor of the taxpayer and against the state but rather a limitation upon the commission's authority to go back and to make new assessments for years not permitted at a given time by the legislature. Under that ruling it may not be said that the taxpayer has acquired any vested rights against the state as to assessments which properly should have been made. Under the construction which we have given to similar statutes, taxpayers acquire no vested rights against the state, as to such assessments. We consider therefore that sec. 71.115 (1) (a), is a valid and constitutional enactment.

Thus, under Wisconsin law petitioner remained under an obligation to pay any additional taxes of the barred years even though such taxes might not be assessed because of the expiration of the limitation period. So long as the 1931 limitation remained in effect the state tax commission could not make a valid reassessment. When the legislature passed a new limitation statute in the taxable year, however, the tax commission was permitted to make additional assessments of taxes which petitioner was already under a duty to pay. We conclude, therefore, that the enactment of section 71.115 (1) (a) in the taxable year created no new liability for tax which could be accrued by petitioner in the taxable year.

Our conclusion that no new liability for tax arose by the removal of the limitation period would seem to answer petitioner's argument that the events of the taxable year provided a basis for the accrual within the taxable year before us of the deficiency determined by the Wisconsin Tax Commission. But if we are wrong on that point we are still of the opinion that the events of the taxable year did not serve to provide a basis for the accrual of the additional liability. The protest filed with the Wisconsin Tax Commission by the petitioner on June 26, 1937, the notice of deficiency mailed to petitioner by that commission on March 15, 1938, the hearing held April 7, 1938, and the conclusion reached by petitioner's officers among themselves to make a compromise settlement, all taken together, are not enough. The actual submission of petitioner's two alternative offers of settlement occurred in the following taxable year and it was not until August 2, 1938, that the tax commission advised petitioner of its decision to accept one of the offers. It was at that time that the amount of petitioner's liability to the State of Wisconsin for additional taxes was determined.

What has heretofore been said has been largely in answer to the argument advanced by petitioner in its brief. The time when additional taxes may be accrued has been settled by the Supreme Court of the United States in *United States* v. *Anderson*, 269 U. S. 422. In that case it was decided that taxes are to be accrued in the year in which the events fixing the liability have occurred. The differences between the taxpayer and the State of Wisconsin as to how to apply the law do not change the situation. It follows that the taxes should be accrued in the years to which they relate. *Red Wing Potteries, Inc.*, 43 B. T. A. 841; *Rawlings Manufacturing Co.*, 44 B. T. A. 161.

There remains for disposition only the proper determination of the interest due on the deficiency found by the Wisconsin Tax Commission. Petitioner accrued as of the taxable year approximately the amount of interest due on the entire deficiency imposed. It is our opinion that only so much of the interest as is properly attributable to the taxable year may be deducted from petitioner's gross income of that year. *Brooklyn Union Gas Co.*, 22 B. T. A. 507; affd., 62 Fed. (2d) 505. The administrative difficulties to which respondent objected in G. C. M. 9575, X–1 C. B. 381, cited in respondent's brief, are not present in the instant proceeding.

*Decision will be entered under Rule 50.*