Fowler, J.
 

 {dissenting).
 
 I think the case was decided rightly by the civil court because a discharge in bankruptcy does not release the bankrupt from his debts for liabilities for wilful and malicious injury to the person or property of another or from debts for liabilities which were created by his embezzlement while acting in a fiduciary capacity. 11 U. S. C. sec. 35, subs. (2) and (4). It is admitted that the foundation of defendant’s liability is his embezzlement of money received by him from the sale of travel tickets sold by him for his employer, the loss of which the plaintiff had to and did make good to the employer under its contract with, the employer to indemnify it for such loss.
 

 The opinion of the court goes on the proposition that no cause of action existed against the defendant because the claim
 
 *406
 
 “which the plaintiff or the assured might have had against the defendant for conversion or for money had and received was barred by the statute of limitations.” In my opinion this is beside the instant case. The plaintiff is suing on the contract set out in the opinion of the court, whereby the defendant agreed to repay the plaintiff any sums it was obliged to pay to his employer under the contract of indemnity which the defendant applied to the plaintiff to execute. That contract is under seal, and the statute of limitations applicable to it is either ten or twenty years, depending on whether the liability accrued in or out of this state. Secs. 330.16, 330.18 (2), Stats. In either case action on the contract was not barred. This leaves the only question for decision whether the liability of the defendant was discharged by the discharge in bankruptcy. Under the rule of
 
 McIntyre v. Kavanaugh,
 
 242 U. S. 138, 141, 37 Sup. Ct. 38, 61 L. Ed. 205;
 
 Davis v. Aetna Acceptance Co.
 
 293 U. S. 328, 55 Sup. Ct. 151, 79 L. Ed. 393;
 
 Hartford Accident & Indemnity Co. v. Flanagan
 
 (D. C.), 28 Fed. Supp. 415;
 
 In re Stenger
 
 (D. C.), 283 Fed. 419, 421, the defendant’s liability did not arise until his embezzlement occurred. Thus his liability is directly within (4) and (2) of sec. 35 of the Bankruptcy Act because conversion of money
 
 (Stenger
 
 and
 
 Davis Cases, supra)
 
 is “wilful and malicious injury to property.”
 

 The opinion states as follows : “Language is used in
 
 Banking Comm. v. Buchanan
 
 (1938), 227 Wis. 544, 279 N. W. 71, which considered apart from the'facts of that case, might lead to a different conclusion. However, that case was not intended to and does not overrule
 
 Eingartner v. Illinois Steel Co.
 
 (1899) 103 Wis. 373, 79 N. W. 433, and subsequent cases in accordance with it.” This is quite true. And it is also quite true that the statement referred to does not overrule the
 
 Eingartner Case.
 
 On the contrary it is in full accord with the
 
 Eingartner Case
 
 as reference to the opinion in that case at page 376 will readily disclose. The
 
 Eingartner Case
 
 is to the
 
 *407
 
 point, and is limited to the point, that “What is meant by the term ‘extinguish the right’ as used in the adjudications and by the text writers, in discussing the subject under consideration, is not actual satisfaction of the right by the operation of the statute of limitations. The idea is that a right to insist upon the statutory bar is a vested property right protected by the constitution, the effect of which is to forever prevent the judicial enforcement of the demand affected by it, against the will of the owner of the prescriptive right.” The word “debt” is used in the
 
 Buchanan Case
 
 opinion instead of “right” but the meaning is the same. If the “right” to recover is not extinguished the “debt” is not. It is nonsense to^ say that a debt or a right is extinguished when it can be sued upon and judgment for recovery entered if the debtor, being served with process, makes no answer, and it is known to all lawyers that this may be done in Wisconsin. The only effect the running of the statute has is to prevent recovery against the will of the person against whom the statute has run. The
 
 Eingartner Case
 
 so declares, and my understanding is that that'is what it was intended to declare, and that it was intended by the declaration to shut off the future státement in the opinions of this court of an utter absurdity. In every case wherein the statement has been made that the running of the statute extinguished a right it extinguished it because and merely because the one in whose favor the statute has run asserted his right to interpose the statute as a defense. When asserted it destroys the right, just as any other proved defense destroys it. The truth is all the discussions of the effect of the statute is nothing but quibbling. Volumes of such mere quibbling have been written in the opinions of the courts, all useless and half of it senseless, except in cases of acquisition of title to property by adverse possession. In all but one case in a thousand pleading the statute of the forum ends the matter. In the one case, like the
 
 Eingartner Case,
 
 the statute of the forum has not run, so it cannot be pleaded. In such case the statute of a
 
 *408
 
 jurisdiction to which the parties were both subject may be pleaded. Then proof of the running of the foreign statute destroys the right of action, just as and only as the allegation and proof of any other defense destroys it. Let us stop quibbling and do it now.
 

 I think thfe judgment of the circuit court should be reversed, and the cause remanded with direction to affirm the judgment of the civil court.