State ex rel. Hand Knit H. Co. v. Atwood, 195 Wis. 226.

STATE EX REL. HAND KNIT HOSIERY COMPANY, Appellant, vs. ATWOOD and others (constituting the WISCONSIN TAX COMMISSION), Respondents.

*December 7, 1927—March 6, 1928.*

*Taxation: Review of assessment of tax commission: Conflicting statutes: Construction.*

1. An application for relief from a reassessment by the tax commission for back income taxes, not made until after the assessment had left the tax commission and become a part of the tax roll in the hands of other officials, was too late. p. 227.

2. Sub. (1), sec. 71.155, Stats., requiring an action for the review of an assessment made by the tax commission to be commenced within twenty days thereafter, does not provide the sole and exclusive remedy, and the taxpayer, in a case within the terms of sec. 71.26, may proceed thereunder, in view of sub. (3) of sec. 370.02, relating to the construction of conflicting provisions of a statute. p. 230.

APPEAL from an order of the circuit court for Dane county: AUGUST C. HOPPMANN, Circuit Judge. *Affirmed.*

The relator, *Hand Knit Hosiery Company,* of Sheboygan, on December 26, 1925, was allowed a writ of *certiorari* to the defendants, the *Wisconsin Tax Commission,* and to the county clerk of Sheboygan county, to set aside an income tax assessment made on August 13, 1925. Defendants moved to supersede said writ, and on July 9, 1927, such relief was granted, and plaintiff appeals.

For the appellant there was a brief by *Collins & Collins* of Sheboygan, and oral argument by *W. B. Collins.*

For the respondents there· were briefs by the *Attorney General* and *Franklin E. Bump,* assistant attorney general, and oral argument by *Mr. Bump.*

Separate briefs were also filed by *Olin & Butler* and *Harry L. Butler* of Madison and by *Bird, Smith, Okoneski & Puchner* of Wausau, as *amici curiæ.*

State ex rel. Hand Knit H. Co. v. Atwood, 195 Wis. 226.

ESCHWEILER, J.   The plaintiff in this case sought to have vacated so much of a reassessment by the *Tax Commission* for back income taxes for the years 1919 to 1923, both inclusive, as allowed interest on the several reassessed amounts for the respective years involved and prior to June 29, 1923, the time when sub. (3), sec. 71.06, Stats., was enacted, asserting that such action was a violation of specified provisions of the state and federal constitutions.

The trial court stated several distinct grounds upon which was based its order superseding the writ and denying plaintiff relief; among others, that upon the merits the questions here raised have been decided adversely to plaintiff's contentions in *State ex rel. Globe Steel Tubes Co. v. Lyons,* 183 Wis. 107, 197 N. W. 578, and we are of the same opinion.

It further appears from the recitals in the petition and from consideration of the tax procedural statutes that plaintiff's application for relief was not made until after the assessment had left the *Tax Commission* and become a part of the tax roll in the hands of other officials, and this, therefore, makes the application too late under our holding in *State ex rel. Sheboygan v. Sheboygan County,* 194 Wis. 456, 216 N. W. 144.

It also negatively appeared from the petition that the relator had not paid to the proper officials the amount of such reassessment prior to seeking relief, and defendants' objection, therefore, to the petition on the ground of insufficiency of facts alleged made a further basis for the trial court's determination.

It was contended further by respondents, and so held by the court below, that there was but one method existing under the law as it then stood for testing the validity of any such reassessment, namely, that provided for in the statute hereinafter quoted, sec. 71.155, Stats.

It appearing upon the argument here that the proposition last stated affects a number of other pending actions, and

the respondents, the *Tax Commission,* being desirous of having it now determined even should the result below in the present case be, as it is, affirmed upon other grounds, leave was granted for the filing of briefs by counsel interested in some of such other litigation, and we shall, pursuant to such request and because of the nature of the question presented, dispose of it now.

Under the law of this state two distinct methods have long been recognized for testing the validity or legality of tax assessments; one, a remedy specifically provided for by statute, and the other by an appropriate common-law remedy; and it is so stated in *A. H. Stange Co. v. Merrill,* 134 Wis. 514, 517, 519, 115 N. W. 115. That such choice of two methods applied to the income tax law was expressly recognized in *Horlick v. Mount Pleasant,* 161 Wis. 366, 154 N. W. 375, and *Field v. Milwaukee,* 161 Wis. 393, 395, 154 N. W. 698, both decided in 1915. The right to a remedy under the general law as well as under specific statutory provisions of the income tax law, even though such latter might be designated as an exclusive remedy, was allowed without question and recognized as proper in the income tax case of *Lewis v. Racine,* 179 Wis. 210, 221, 190 N. W. 476, in January, 1923.

Ch. 446 of the Laws of 1925, published and taking effect July 6, 1925, presents the troublesome question now to be determined. It was entitled: "An act to repeal, . . . to amend, . . . to renumber, . . . and to amend, . . . and to *create,* . . . section *71.155* . . . and . . . sec. *71.26* of the statutes, relating to income tax *and taxation.*" (Italics herein are ours.)

The material part of such new section 71.155 read:

"(1) *Any assessment* made, corrected, or confirmed by the commission *shall be final and conclusive,* unless within twenty days thereafter an action shall be commenced by the party aggrieved in the circuit court for Dane county for the review of such assessment." (This has been repealed and

in substance rewritten as present sec. 71.16 by sec. 17, ch. 539, of the Laws of 1927.)

Sub. (2), (3), (4), and (5) of sec. 71.155 provided for prior payment of the tax into court, making disclosures of all income, remedy to be afforded, appeal, etc.

Further on in said ch. 446 of the Laws of 1925 appeared:

"Section 71.26. Any person aggrieved by the *levy* and *collection* in cash of any unlawful or excessive *income tax* assessed against or imposed upon him under the laws of this state may file a claim therefor against the town, city, or village, . . . in which such tax was payable, in the manner prescribed by law for filing claims in other cases, *whether such tax was voluntarily paid or not,* and if it shall appear that the tax, . . . or any part thereof, is unlawful or excessive, the proper . . . board, or common council . . . shall allow and the proper . . . treasurer shall pay, . . . the amount of such claim found to be illegal or excessive, provided . . . the conditions prescribed by subsection (6) [in the statutes there has been inserted here '(4),' which did not appear in the bills as enacted] of section 71.18 . . . shall have been complied with. If any town, city, or village shall fail or refuse to allow such claim, the claimant may have . . . an action against the same for the recovery of all money so unlawfully levied and collected of him. Every such claim shall be filed within *two* years and every action to recover any money so paid be brought within *three* years from the date of such payment and not thereafter."

(This sec. 71.26 was repealed by sec. 26, ch. 539, of the Laws of 1927.) (It is substantially a redraft of sec. 74.73 (1), Stats., of the general tax collection law which had been standing for some time and still stands, except that sec. 71.26, *supra,* allowed longer periods for filing claims and bringing actions.)

The problem presented is the effect to be given to the seemingly mandatory and exclusive language as to remedies after assessments by the *Tax Commission* as found in sec. 71.155, *supra,* to the effect that such "shall be final and conclusive, unless within twenty days thereafter an action shall be commenced."

If sec. 71.155, *supra,* is, from its mandatory language, the controlling and overriding provision, and such is respondents' contention, then manifestly sec. 71.26, *supra,* is an idle and useless thing so far as income tax matters are concerned, and this despite it being evident that the former is of procedure to review *before payment* to any municipality, and the latter of procedure *after payment* has been made; the former requiring immediate action within twenty days, the latter granting limitations of two and three years; the one *must* be brought in Dane county, the other *may* be brought in the county where the tax is paid.

We shall not discuss the various views presented on this question nor delve for legislative intent, but merely state our conclusion, which is arrived at by a resort to the chapter on "Construction of Statutes" and to sec. 370.02 (3), reading:

"If conflicting provisions be found in different sections of the same chapter the provisions of the section which is last in numerical order shall prevail unless such construction be inconsistent with the meaning of such chapter."

This rule for construing dilemmas such as here presented has always been with us since as early as sec. 12, ch. 157, of the Statutes of 1849. It is but an expression of the general rule. *Woodman v. Clapp,* 21 Wis. 350, 367. We therefore hold that a taxpayer might proceed under sec. 71.26, *supra,* in a case within its terms, and was not relegated to sec. 71.155, *supra,* as a sole and exclusive remedy, and that the ruling below to that effect was erroneous.

*By the Court.*—Order affirmed.