PLANKINTON PACKING COMPANY, Appellant, vs. WISCON-
SIN TAX COMMISSION and others, Respondents.

*February 7—March 5, 1929.*

For the appellant there were briefs by *Quarles, Spence &
Quarles* of Milwaukee, attorneys, and *J. V. Quarles* of
Milwaukee and *Maurice Weigle* of Chicago, of counsel, and
oral argument by *Mr. J. V. Quarles* and *Mr. Weigle.*

For the respondents there was a brief by the *Attorney*

*General* and *Franklin E. Bump,* assistant attorney general, and oral argument by *Mr. Bump.*

The following opinion was filed March 5, 1929:

CROWNHART, J. The statutes under which the Tax Commission assessed interest on the back income taxes are sub. (3) (a) and (3) (b), sec. 71.06, Stats., which are as follows:

"71.06 (3) (a). In assessing back taxes interest shall be added to such taxes at the rate of six per cent. per annum from the twenty-second day of March following the year they first became assessable to the date on which such back taxes when subsequently assessed will become delinquent, if unpaid, except that in assessing back taxes on incomes which have been averaged under the provisions of this chapter interest shall be added to such taxes at the rate of six per cent. per annum from the date on which such back taxes if originally assessed would have become delinquent if unpaid, to the date on which such back taxes when subsequently assessed will become delinquent if unpaid.

"(b) In crediting overpayments of income and surtaxes against underpayments or against taxes to be subsequently collected and in certifying refunds of such taxes, interest shall be added at the rate of six per cent. per annum from the twenty-second day of March following the date of the payment of such taxes until the date on which such overpayment was certified on the tax roll, except that in crediting overpayments of taxes on incomes which have been averaged under the provisions of this chapter, interest shall be added at the rate of six per cent. per annum from the date on which such taxes when assessed would have become delinquent if unpaid to the date on which such overpayment was certified on the tax roll."

These statutes were enacted in 1927, prior to the assessment of the back taxes against appellant in this case; hence the commission assessed interest on such back taxes as provided in such statutes,

It is the contention of the appellant that such statutes are unconstitutional because (1) the rule of taxation is not uniform; (2) the classification made by the law is arbitrary and unreasonable; and (3) the exemptions in the law are unreasonable.

On the other hand, the respondent contends that the questions here involved are entirely disposed of by decisions in *State ex rel. Globe Steel Tubes Co. v. Lyons,* 183 Wis. 107, 197 N. W. 578; *State ex rel. S. Heymann Co. v. Lyons,* 183 Wis. 126, 197 N. W. 587; *State ex rel. Schuster Realty Co. v. Lyons,* 184 Wis. 175, 197 N. W. 585, 199 N. W. 48; *State ex rel. Crucible S. C. Co. v. Wisconsin Tax Comm.* 185 Wis. 525, 201 N. W. 764; *State ex rel. Berger v. Cary,* 192 Wis. 433, 211 N. W. 284; and *State ex rel. Hand Knit H. Co. v. Atwood,* 195 Wis. 226, 218 N. W. 438.

The Tax Commission, in administering the tax laws as to back taxes, makes its field audits from time to time, and in so doing applies the law as it finds the law at the time it makes the audit, which results in various rates of interest being applied to the delinquent taxpayers for the same years. For instance, prior to the acts of 1923, considered in the *Globe Steel Tubes Co. Case, supra,* no interest charges were provided for on back taxes. By the acts of 1923 interest was provided for at the rate of ten per cent. per annum. By the act of 1927 interest was provided for at the rate of six per cent. Thus it is claimed that a taxpayer who had under-stated his income prior to 1923, and by a subsequent audit by the Tax Commission prior to 1923, paid no interest on additional income assessed by the Tax Commission. After 1923 the taxpayer assessed for additional income prior to 1923 paid interest thereon at the rate of ten per cent. per annum. After 1927 the taxpayer who was required to pay additional income tax for the years prior to 1923 paid interest at the rate of six per cent. per annum. It is these different rates of interest, and others

of the same character, applicable to back taxes discovered and assessed by the Tax Commission for the same year, which appellant contends are discriminatory and unreasonable.

The history of the legislation herein referred to is given in the opinion in *State ex rel. Globe Steel Tubes Co. v. Lyons,* 183 Wis. 107, 197 N. W. 578. It may be well to repeat what was said in that case, that taxes "are obligations of the highest character, for only as they are discharged is the continued existence of government possible. . . . Payment alone discharges the obligation, and until payment the state may proceed by all proper means to compel the performance of the obligation."

In this case it appears that the appellant under-stated its income to the Tax Commission for the years 1920, 1921, 1922, 1923, 1924, and 1925, and that a field audit by the Tax Commission of its income for such years was necessary to determine the true income. There was an agreement between the appellant and the commission as to the amount of unreported income and the tax to be assessed thereon, which tax amounted to $148,250.73. That tax has been paid by the appellant. The Tax Commission assessed interest on such back taxes, pursuant to the laws of 1927, at the rate of six per cent. per annum, which amounted to $35,734.46, and the appellant appealed from the order of the Tax Commission to the circuit court. The circuit court sustained the Tax Commission, and the case comes here on appeal from the judgment of the circuit court.

In the case of *State ex rel. Globe Steel Tubes Co. v. Lyons, supra,* we held that where the legislative purpose clearly appears to have an act applied retroactively, and justice requires such construction, the court will not hesitate to give it that effect, and we there also held that the law of 1923, imposing a ten per cent. per annum rate of interest on back taxes, was valid, so that no claim can be

made here but that the state had the right to determine the rate of interest to be applied to back taxes which the commission found delinquent and assessed.

In this case we are asked to pass upon the validity of the statute of 1927, while in the *Globe Steel Tubes Co. Case, supra,* we passed upon the validity of the acts of 1923. The changes in the act of 1927, as applied to the appellant, were more favorable to it than the acts of 1923. Both acts were general acts, applying to all taxpayers alike who were similarly situated. The only reason for a difference in the rates of interest to be applied comes about by reason of the fact that the Tax Commission, in the regular course of its administration of the tax laws, was called upon to make field audits of the incomes of some two thousand to three thousand taxpayers, and to perform this very extensive service, as was pointed out in the *Globe Steel Tubes Co. Case, supra,* required many years. The act of the legislature of 1923, imposing an interest rate of ten per cent. on back taxes, was calculated to arouse the taxpayer to make an effort to audit and correctly report his true income. The income tax law puts the burden upon the taxpayer, in the first instance, to make a correct return of his income to the Tax Commission. The Tax Commission then audits the income and assesses the tax on the report so made. But it was made to appear to the legislature of 1923 that a great number of taxpayers had made incorrect reports, if not fraudulent reports, to the Tax Commission, whereupon the Tax Commission was required to make field audits at a great expense of time and money to discover the true incomes of such delinquents. In the meantime the taxpayer had the use of the delinquent fund which he should have paid, and the legislature, in its discretion, was amply warranted in requiring a ten per cent. per annum interest charge, which was no more than was required of other taxpayers generally on delinquent taxes.

The appellant here makes the unusual contention that,

having escaped the payment of its just taxes for so many years, it should have the special favor extended to it of paying no interest charge whatever, while other taxpayers who have been prompt in the payment of their taxes, or who have paid taxes in the meantime with the interest charges added, are to suffer by reason of the earlier payment of their taxes. The only discriminations that have been made as applied to the appellant are discriminations in its favor, and these discriminations are not the result of the law but the result of its own delinquencies. It stands admitted that there was no discrimination against appellant in the assessment of the principal tax. The only complaint is as to the assessment of interest on the principal amount, as provided by statute.

The law is well settled that states may impose burdensome and even harsh penalties on the delinquent taxpayer, prospective or retrospective. There may be minor inequalities in the laws without offending against the rules of uniformity and equality. "Perfect equality in taxation is impossible and unattainable." "Perfect uniformity and perfect equality of taxation in all the aspects in which the human mind can view it is a baseless dream." Practical considerations outweigh those of a theoretical or metaphysical nature. Practical uniformity and equality is constitutional uniformity and equality. The delinquent taxpayer gains no vested rights by his delinquencies. The legislature may change the remedies, or penalties, from time to time, and make them either prospective or retrospective, in its discretion. The delinquent offends against those who pay promptly; he offends against the government, which may continue only as the property owners respond to its necessities. *State ex rel. Globe Steel Tubes Co. v. Lyons,* 183 Wis. 107, 197 N. W. 578; 1 Cooley, Taxation (4th ed.) § 259 *et seq.; Florida Central & P. R. Co. v. Reynolds,* 183 U. S. 471, 22 Sup. Ct. 176; *League v. Texas,* 184 U. S. 156, 22 Sup. Ct. 425; *Western Union T. Co. v. Indiana,* 165 U. S. 304, 17 Sup.

Ct. 345; *Bankers Trust Co. v. Blodgett,* 260 U. S. 647, 43 Sup. Ct. 233.

It follows that the legislation in question is valid.

*By the Court.*—The judgment of the circuit court is affirmed.

A motion for a rehearing was denied, with $25 costs, on April 30, 1929.