YAWKEY-BISSELL LUMBER COMPANY, Appellant, vs. TOWN OF WOLF RIVER and another, Respondents.

*October 7—November 5, 1929.*

632

For the appellant there was a brief by *Bird, Smith, Okoneski & Puchner* of Wausau, and oral argument by *C. B. Bird*.

The *Attorney General* and *Franklin E. Bump,* assistant attorney general, for the respondent Tax Commission.

For the respondent town of Wolf River there was a brief by *Eberlein & Larson* of Shawano, and oral argument by *Albert S. Larson*.

ESCHWEILER, J. It was contended by respondents in the court below, and again here, that the complaint on its face failed to show the filing of a proper claim with the town board, a condition precedent to any such relief as here asked; and that the language quoted above, alleging that the additional reassessment, amounting to over $31,000, was made by defendant Tax Commission "without there being any evidence before it on which to base any additional assessment," was a mere conclusion of the pleader rather than a pleading of a fact, and that in any event it is so contradicted or modified by the other language of the complaint as to make it insufficient as a basis for a claim that the Tax Commission was without jurisdictional facts upon which to support the making of such reassessment.

On the first of the above suggested grounds we can discover no language, under any reasonable construction of the statutes requiring the filing of such claim, which would require a conclusion that the claim as filed was insufficient either in form or substance, and shall therefore devote no further consideration to that point.

Respondents' main contention is, in effect, that when the complaint alleged, as it did, that the plaintiff submitted its own audit and books and records to the Tax Commission, from which, with the competent evidence also submitted,

there was a showing that in no event could there possibly be any reasonable claim of additional income for said period exceeding the sum therein mentioned of $2,395.02, it necessarily admitted that the Tax Commission did have *some* evidence before it in making the additional reassessment, and therefore that plaintiff cannot be heard later on in its complaint to say that there was a total lack of jurisdiction in the Tax Commission; it being not now questioned but that there can be no relief to plaintiff unless there was a total lack of facts upon which any conclusion by the commission could be based. Plaintiff here, however, being required to assert a negative, namely, that there were *no facts* before the commission upon which it could predicate its reassessment, has in our judgment, under the liberal rules with which pleadings must be construed in favor of the pleader, sufficiently and appropriately asserted such negative when, subsequent to the allegation as to the submission of its audit books and competent evidence, it further alleges that the pretended additional assessment was made by the Tax Commission *"without there being any evidence before it on which to base any additional assessment."*

No more proper way has been suggested, nor can we find any, of pleading the fact of the non-existence of facts than bluntly saying so, as was done here.

An admission by a taxpayer that there were presented to the taxing body facts warranting an assessment to the amount of $5 and no more is in no sense an admission that there was possibly evidence before the taxing body to warrant an assessment of even $1 more than the said $5, and the admission in the earlier part of the complaint cannot have the effect claimed for it by respondents.

We are satisfied, therefore, that there is sufficient on the face of this complaint to require the overruling of the demurrer.

That the plaintiff is authorized to bring an action such as

this kind upon its complaint, construed as we now view it, is clear under *State ex rel. Hand Knit H. Co. v. Atwood,* 195 Wis. 226, 218 N. W. 438, and such view disposes, adversely to defendants' contention, of the questions suggested under the statutes of limitation by them pleaded.

*By the Court.*—Order reversed, and cause remanded with directions to overrule the demurrer.