TOM LOFTUS, Chairperson Assembly Organization Committee
Vocational, Technical and Adult Education districts are authorized by section 38.16 (1), Stats., to levy a tax which is collected by each city, village and town in the district as part of the property tax. In section 74.73 the Legislature has established a procedure under which individuals can recover unlawful taxes and excessive assessments which they have paid to cities, villages and towns. With respect to unlawful taxes, that procedure is set forth in section 74.73 (1r), which provides as follows:
 Any person aggrieved by the levy and collection of any unlawful tax assessed against him may file a claim therefor against the town, city or village which collected such tax in the manner prescribed by law for filing claims in other cases. If it appears that the tax for which such claim was filed or any part thereof is unlawful and that all conditions prescribed by law for the recovery of unlawful taxes have been complied with, the town board, village board or common council may allow and the town, city or village treasurer shall pay such person the amount of the claim found to be unlawful and excessive. If any town, city or village fails or refuses to allow the claim, the claimant may have and maintain an action against the same for the recovery of all money so unlawfully levied and collected, together with interest at the legal rate computed from the date of filing the claim. Every such claim shall be filed, and every action to recover any money so paid shall be brought, within one year after such payment.
With respect to excessive assessments, section 74.73 (4) provides as follows:
 No claim may be filed and no action may be brought under this section which is based upon an allegedly excessive assessment *Page 269 
except that in counties with a population of under 500,000 which have not adopted a county assessor system a claim may be filed and an action may be brought if the tax is paid on the contested assessment by January 10 of the year following the year of the assessment and a claim filed within 10 days thereafter and suit commenced within 30 days following the denial of the claim or within 90 days after the claim is filed if the municipalities fail to act on the claim.
The same statute also establishes a procedure under which a city, village or town can then in turn recover the proportionate share of illegally collected tax which it paid over to the Vocational, Technical and Adult Education district. Section 74.73
(2) provides as follows:
 If any town, city or village has paid such claim or any judgment recovered thereon after having paid over to the county treasurer the state, county and metropolitan sewerage area debt retirement tax levied and collected as part of such unlawful tax, or has paid any necessary expenses in defense of such action, the town, city or village shall be credited by the county treasurer, on the settlement with the proper treasurer for the taxes of the ensuing year, the whole amount of such state, county and metropolitan sewerage area debt retirement tax so paid into the county treasury and the county's, state's and metropolitan sewerage area debt retirement tax proportionate share of the taxable costs, interest and expenses of suit, unless such claim or judgment is the result of an error or defect, other than an error or defect of law, caused by the town, city or village or official thereof. The county treasurer shall also be allowed by the state treasurer the amount of state tax so illegally collected and the state's proportionate share of such taxable costs, interest and expenses of suit and shall be paid in his settlement with the state treasurer next after the payment of such claim or the collection of such judgment. If any part of such unlawful tax was paid over to any school district or vocational, technical and adult education district before the payment of such claim or judgment, the town shall charge the same to such district with the proportionate share of the taxable costs, interest and expenses of suit, and the *Page 270 
town clerk shall add the same to the taxes of such district in the next annual tax.[1]
You ask whether this add-on method of recovering a proportionate share of the refund applies to both section 74.73
(1r) and (4). I am of the opinion that it does.
Section 74.73 (1r) concerns itself with the method of filing a claim for the recovery of "unlawful taxes," as that term is defined elsewhere in the statutes. The first sentence of section74.73 (2), which follows immediately thereafter, refers to "such claim or any judgment recovered thereon." It is evident that the term "such claim" refers to the claim described in the preceding subsection. By direct reference, therefore, the section 74.73 (2) add-on provision applies to unlawful taxes refunded to taxpayers under section 74.73 (1r).
Section 74.73 (4) permits, in certain limited situations, claims based upon "allegedly excessive assessments." In my opinion, it does not matter in the context of your request whether a particular claim is one for an "excessive assessment" pursuant to this subsection or is instead one for an "unlawful tax" pursuant to subsection (1r). Section 74.73 must be read in its entirety, as a unified statutory scheme for the recovery of overpaid taxes. When viewed in this context, section 74.73
suggests that whether characterized as an unlawful tax or an excessive assessment, once these overpayments have been refunded to the taxpayer a city is permitted to charge back the Vocational, Technical and Adult Education district by the add-on method.
If the add-on provision did not apply, a city would be left with no statutory authority to charge back the proportionate share of excessive assessments and city taxpayers would be forced to bear *Page 271 
the entire cost of these refunds, even though the cost of refunds for unlawful taxes would be shared. I see no logical reason why this inconsistency would be appropriate. In any event, I conclude that the add-on provision of section 74.73 (2) does apply to taxes refunded under section 74.73 (1r) as well as to taxes refunded under section 74.73 (4).
DJH:BLB
[1] It should be noted that the first portion of section74.73 (2) clearly allows "any town, city or village" a credit in reference to taxes previously turned over to the county for state, county and metropolitan sewerage area debt retirement. However, the last sentence refers only to "the town" charging unlawful taxes to school or VTAE districts. The reference solely to towns appears to be a historical remnant reflecting the state's early township based system of school government, which has somehow survived subsequent statutory revision. See ch. 27 secs. 412, 472 and 516 Rev. Stats. (1878) and sec. 1164, Rev. Stats. (1878); ch. 154 sec. 52, Laws of 1971. The current statutes require districts to certify the amount of the school levy and the proportionate amount of the tax to be spread upon the tax rolls for collection in each city and village, as well as in each town. See secs. 38.16 (1), 120.12 (3) and (4), 120.17
(8), Stats. I conclude that the omission of any reference to "city or village" in the last sentence of the subsection evidences "a legislatively dropped stitch in the statute" of no legal consequence. See Scharping v. Johnson, 32 Wis.2d 383, 394,145 N.W.2d 691 (1966). *Page 272