# MONTGOMERY WARD & CO., INC., Petitioner-Appellant,

v.

# Wisconsin DEPARTMENT OF REVENUE, Respondent.†

## Court of Appeals

*No.87–0544. Submitted on briefs December 7, 1987.—Decided December 30, 1987.*

(Also reported in 419 N.W.2d 348.)

† Petition to review denied.

For the petitioner-appellant the cause was submitted on the briefs of *Timothy C. Frautschi* and *Foley & Lardner,* of Milwaukee.

For the respondent the cause was submitted on the brief of *Donald J. Hanaway,* attorney general, and *Alan Lee,* assistant attorney general.

Before Gartzke, P.J., Eich and Sundby, JJ.

EICH, J.   Montgomery Ward & Co., Inc. (MWC), appeals from a judgment affirming a decision and an order of the Wisconsin Tax Appeals Commission. The commission affirmed the Department of Revenue's deficiency assessment against MWC for sales and use taxes for the taxable period February 1, 1976, through January 31, 1981. The assessment charged interest on the deficiencies at the rate of twelve percent per annum. The issues are: (1) whether the twelve percent interest rate, which was first established on July 31, 1981, may be applied to deficiencies accruing prior to that date; and (2) if so, whether the retroactive application violates MWC's constitutional right to equal protection of the laws. We resolve both issues against MWC and affirm the judgment.

The facts are not in dispute. Prior to July 31, 1981, the statutory interest penalty on sales and use tax deficiencies was nine percent per year. Sec. 77.60(1), Stats. (1979–80). In the 1981 budget act, the legislature increased the rate to twelve percent. Sec. 1125hm, ch. 20, Laws of 1981. The act also provided for the "[i]nitial applicability" of the change, stating that it would "first appl[y] to all determinations, assessments or other actions made by the department ... on August 1, 1981, regardless of the taxable period to which they pertain." *Id.* at sec. 2203(45)(g). Finally, the act provided that "[a]ll sections of this act take effect on ... the day following publication ...." *Id.* at sec. 2204. The act was published on July 30, 1981, and thus its effective date was July 31, 1981.

On June 17, 1982, the department assessed the 1976–1981 deficiencies against MWC, charging interest at the rate of twelve percent for the entire period. MWC appealed to the tax appeals commission, which upheld the assessment and interest charge. MWC sought judicial review and the circuit court affirmed, concluding: (1) that the language of the budget bill evinced an intent on the part of the legislature that the interest rate increase was to have a retroactive effect; and (2) that the retroactive application was not unconstitutional.

## I. RETROACTIVE APPLICATION

■■

Questions of statutory construction generally are reviewed independently by appellate courts. *American Motors Corp. v. ILHR Dept.,* 101 Wis. 2d 337, 353, 305 N.W.2d 62, 70 (1981). However, we frequently will defer to the interpretation and application of a statute

.

by the agency charged with its administration. *West Bend Education Ass'n v. WERC,* 121 Wis. 2d 1, 11–12, 357 N.W.2d 534, 539 (1984).

> The statutes, as well as the cases, caution that under certain circumstances a court should defer to the agency's conclusions of law. Sec. 227.20(10), Stats. 1979–80, provides that upon review of an agency's determination, "due weight shall be accorded the experience, technical competence, and specialized knowledge of the agency involved. . . ." Our cases similarly recognize that if the administrative agency's experience, technical competence, and specialized knowledge aid the agency in its interpretation and application of the statute, the agency's conclusions are entitled to deference by the court. Where a legal question is intertwined with factual determinations or with value or policy determinations or where the agency's interpretation and application of the law is of long standing, a court should defer to the agency which has primary responsibility for determination of fact and policy. [Footnote omitted.]

*West Bend,* 121 Wis. 2d at 12, 357 N.W.2d at 539–40. In these situations, we will sustain the agency's conclusions of law if they are reasonable, even though an alternative view may be equally reasonable. *Revenue Dept. v. Lake Wisconsin Country Club,* 123 Wis. 2d 239, 242–43, 365 N.W.2d 916, 918 (Ct. App. 1985).

There is no question that the legislature can, if it wishes, enact a law with retroactive application, as long as the act, "clearly, by express language or necessary implication," indicates that such was its intent. *Hunter v. Sch. Dist. Gale-Ettrick-Trempealeau,* 97 Wis. 2d 435, 444–45, 293 N.W.2d 515, 520 (1980),

quoting 2 Sutherland, *Statutory Construction* (3rd ed.), p. 115, sec. 2201. Stated another way, legislation is presumed to apply prospectively unless the statutory language indicates, expressly or by necessary implication, a contrary intent. *Chappy v. LIRC,* 128 Wis. 2d 318, 323, 381 N.W.2d 552, 555 (Ct. App. 1985), *aff'd,* 136 Wis. 2d 172, 401 N.W.2d 568 (1987).

The plain language of sec. 2203(45)(g), ch. 20, Laws of 1981, establishes that the change in the interest rate from nine percent to twelve percent "first applies to all determinations ... made by the department ... on August 1, 1981." There is no dispute that the deficiency determinations in this case were made after August 1, 1981. The question is whether the language immediately following the above-quoted phrase—"regardless of the taxable period to which [the determinations] pertain"—clearly indicates an express or implied intent on the part of the legislature to permit the department to assess interest at the increased rate on deficiency determinations made on or after August 1, 1981, but which are applicable to taxable periods prior to that date.

We see no other way to read the provisions of the act. The new interest rate plainly applies to all deficiency determinations made on or after August 1, 1981, regardless of the taxable periods to which those determinations may pertain. The department could reasonably apply the rate to its determination of MWC's sales and use tax remittances for the taxable period February 1, 1976, through January 31, 1981.

MWC contends, however, that such an intent is belied by the fact that, under sec. 2204, ch. 20, Laws of 1981, the act did not "take effect" until July 31, 1981. It argues, without elaboration, that this provision can

have no meaning other than that the interest rate change cannot be effective prior to July 31, 1981. We disagree.

Section 2204 of the act provided that all of its provisions, save several specifically listed, would become effective the day after publication, July 31, 1981. One of the provisions taking effect on that date was, of course, sec. 2203(45)(g), which, as we have said, authorized imposition of a twelve percent interest rate on all deficiency determinations made by the department on or after August 1, 1981, regardless of whether those determinations pertained to taxable periods prior or subsequent to that date.

Because we see no ambiguity, much less any conflict, in the "initial applicability" provisions of sec. 2203(45)(g) and the "effective date" provisions of sec. 2204, there is no need to consider the legislative materials cited by MWC. *In re Paternity of J.S.C.*, 135 Wis. 2d 280, 287, 400 N.W.2d 48, 52 (Ct. App. 1986). The commission and the court correctly interpreted the provisions of the act as authorizing imposition of the twelve percent interest rate on the deficiency determinations in question.

## II.  EQUAL PROTECTION

■ MWC argues that application of the twelve percent interest rate to tax deficiencies for periods prior to July 31, 1981, creates an irrational and unreasonable classification—that of delinquent taxpayers assessed before August 1, 1981, and those assessed thereafter—and thus violates the equal protection clause. The constitutional test is, as MWC points out, "whether there exists any rational and reasonable

justification for the classification." *Kallas Millwork Corp. v. Square D Co.,* 66 Wis. 2d 382, 388, 225 N.W.2d 454, 458 (1975).

MWC asserts that some taxpayers with pre-1981 deficiencies were charged only nine percent interest (because their assessments were made prior to August 1, 1981), while others with deficiencies for the same period, but who were assessed on or after August 1, 1981, must pay twelve percent. It contends that there can be no rational basis for such a classification and that, as a result, the retroactive application of the statute is unconstitutional. We disagree.

█

In taxation, more than in other fields, the legislature "possess[es] the greatest freedom in classification." *Treiber v. Knoll,* 135 Wis. 2d 58, 66, 398 N.W.2d 756, 759 (1987), quoting *Madden v. Kentucky,* 309 U.S. 83, 88 (1940).

> "No scheme of taxation, whether the tax is imposed on property, income, or purchases of goods and services, has yet been devised which is free of all discriminatory impact. In such a complex arena in which no perfect alternatives exist, the Court does well not to impose too rigorous a standard of scrutiny lest all local fiscal schemes become subjects of criticism under the Equal Protection Clause." *Treiber* at 66–67, 398 N.W.2d at 759, quoting *San Antonio School District v. Rodriguez,* 411 U.S. 1, 41, *reh'g denied,* 411 U.S. 959 (1973).

The provisions in question create two general classes: taxpayers whose delinquencies were assessed prior to August 1, 1981, and those whose delinquencies were assessed on or after that date. Each class is treated equally; the members of the former group pay nine percent on their delinquencies and members of

the latter pay twelve percent. MWC claims, however, that there may be some taxpayers with delinquencies or deficiencies for years prior to 1981 who would be paying only nine percent interest and some paying twelve percent, depending on whether the determination was made before or after August 1, 1981, and that this is an arbitrary distinction lacking any rational basis.

The supreme court considered a similar situation—and a similar challenge—in *Plankinton Packing Co. v. Wisconsin Tax Comm.,* 198 Wis. 368, 224 N.W. 121 (1929). Prior to 1923, no interest was chargeable on assessments of delinquent income taxes. In that year, a ten percent charge was imposed, running from the date the returns were, or should have been, filed. After 1927, the rate was reduced to six percent. Because of the manner in which the commission's field audits were conducted—the auditors applied the law as it existed when the audits were performed— "various rates of interest [were] being applied to ... delinquent taxpayers for the same years." *Id.* at 370, 224 N.W. at 122. Plankinton argued to the court that, as a result, the interest provisions were unconstitutional because they resulted in an arbitrary and unreasonable classification. The court rejected the argument, stating:

> The law is well settled that states may impose burdensome and even harsh penalties on the delinquent taxpayer, prospective or retrospective. There may be minor inequalities in the laws without offending against the rules of uniformity and equality. "Perfect equality in taxation is impossible and unattainable." "Perfect uniformity and perfect equality of taxation in all the aspects in which the human mind can view it is a baseless

dream." Practical considerations outweigh those of a theoretical or metaphysical nature. Practical uniformity and equality is constitutional uniformity and equality. The delinquent taxpayer gains no vested rights by his delinquencies. The legislature may change the remedies, or penalties, from time to time, and make them either prospective or retrospective, in its discretion. The delinquent offends against those who pay promptly; he offends against the government, which may continue only as the property owners respond to its necessities. [Citations omitted.] *Plankinton,* 198 Wis. at 373, 224 N.W. at 123.

The fact that some taxpayers may be assessed interest at different rates depending upon when the delinquency or deficiency is determined and when the assessment is made does not, in our opinion, establish the unconstitutionality of the law.

It is a commonplace that the equal protection clause does not require a state to maintain rigid rules of equal taxation, to resort to close distinctions, or to maintain a precise scientific uniformity. Possible differences in tax burdens, not shown to be substantial, or which are based on discrimination not shown to be arbitrary or capricious, do not fall within the constitutional prohibition. *Welch v. Henry,* 305 U.S. 134, 145 (1938).

One challenging the constitutionality of a law bears a heavy burden. All legislative acts are presumed to be constitutional, and a challenger, to be successful, must prove unconstitutionality beyond a reasonable doubt. *Quinn v. Town of Dodgeville,* 122 Wis. 2d 570, 577, 364 N.W.2d 149, 154 (1985). It is not enough to establish doubt as to the constitutionality of

the act, or to show that it is probably unconstitutional. We will "indulge[ ] every presumption and will sustain the law if at all possible." *Id.* MWC has not satisfied us that the acts in question are unconstitutional beyond a reasonable doubt, and we therefore reject its challenge.

*By the Court.*—Judgment affirmed.