WILLIAM G. WEILAND, Corporation Counsel Wood County
You have requested my opinion as to the application of section74.73(2), Stats., to a city's recovery from the county of the county portion of property taxes refunded by the city to a taxpayer.
Section 74.73(2) provides in pertinent part:
 If any town, city or village has paid such claim or any judgment recovered thereon after having paid over to the county treasurer the state, county . . . tax levied and collected as part of such unlawful tax . . . the town, city or village shall be credited by the county treasurer, on the settlement with the proper treasurer for the taxes of the ensuing year, the whole amount of such . . . tax so paid into the county treasury . . . unless such claim or judgment is the result of an error or defect, other than an error or defect of law, caused by the town, city or village or official thereof.
The situation you describe arises when a taxpayer successfully challenges a property assessment as an unlawful tax or an excessive assessment under section 74.73(1r) or 74.73(4), respectively, resulting in a refund to the taxpayer by the city.See 76 Op. Att'y Gen. 268 (1987). Inasmuch as the tax was initially collected from the taxpayer by the city on its own behalf as well as for other taxing jurisdictions, the prescribed procedure under section 74.73(2) is for the city to make refund of the entire tax erroneously collected. The city then seeks recovery under the statute in the form of a credit from the county of "the whole amount" of that portion of the unlawful or excessive taxes previously forwarded to the county. *Page 202 
You do not question the propriety of the refund to the taxpayer, and I assume that the refund comported with the conditions of section 74.73. "All reasonable presumptions must be made in favor of the regularity and validity of the action of public officers." State ex rel. Willis v. Prince, 45 Wis. 610, 613
(1878). Rather, you ask whether, in the year after the credit is given to the city, the county "must" then increase the total county levy by the amount of the credit given, "in order to maintain the levy." Alternatively, you ask whether the county instead may levy a "special county charge" against the city in the full amount of the claim paid so as to avoid a perceived lack of uniformity in taxation you postulate would otherwise occur with a county-wide levy. The answer to both questions is no.
Based on the language of section 74.73(2) quoted above, I am of the opinion that the statute clearly delineates the county's course of action. It states unambiguously that the city "shall be credited by the county treasurer, on the settlement . . . for the taxes of the ensuing year, the whole amount of such . . . tax so paid into the county treasury." If, in the year after the credit is given, the county finds it needs to increase its levy, it obviously has that general power to do so. However, that statutory power, and the need to exercise it, bears no necessary relationship to a refund made to a taxpayer.
While the county has some discretion in whether or not, at the proper time, to increase its total county levy, section 74.73(2) "provides the whole scheme for apportioning the loss and readjusting the credits and debits between the city, the county and the state." 14 Op. Att'y Gen. 162, 163 (1925). Section 74.73
(2) neither makes express provision for a county to levy a "special charge" against a tax district as a method for recouping such credit nor sets forth any justification for doing so. Under such circumstances, there also can be no implied authority to do so, since "[i]n order to find that a power is implied under the terms of a statute, we must find by fair implication that the power was intended to be incident to and included in the authority that was expressly conferred." Kaiser v. City ofMauston, 99 Wis.2d 345, 353, 299 N.W.2d 259 (Ct.App. 1980). A tax cannot be imposed without clear and express language for that purpose. See Plymouth v. Elsner, 28 Wis.2d 102, 106,135 N.W.2d 799 (1965). *Page 203 
Where the Legislature has deemed that the circumstances justified a special charge by a county against a town, city or village, it has so provided in other statutory provisions relating to the collection of property taxes. See secs. 75.61(2) and 75.62(4), Stats.[1] The Legislature has determined that the essentially opposite circumstances involved under section74.73(2), i.e., where it is the local taxing jurisdiction rather than the county which made the refund, justify the granting of a credit by the county to such municipality. No further special charge-back by the county is recognized or provided for by the statute.
You assert that the equalized value of the city was not diminished consequent to the claim paid to the taxpayer, notwithstanding that the claim for refund of property taxes was in excess of $110,000 and that an actual revaluation of the city was not done. You suggest that taxes owed by the city should not change, if there was no change in equalized value. While there is some logic to this argument, the statute provides for a credit to the city "of the whole amount." It makes no mention of a credit only in the event of a decreased equalized value, despite the fact that the concept of equalization can be found in Wisconsin law for well over a century. See ch. 498, Laws of 1852. This is significant because the predecessor to section 74.73 was enacted shortly after, in 1870. Though a reference to equalized value could have been inserted at that time or on the occasion of one of its numerous amendments, that has not occurred.
You also suggest that, as applied, section 74.73(2) raises the issue of a potential violation of the uniformity clause of Wisconsin Constitution article VIII, section 1. That is, if the county levy increases, whereby the various taxing districts ultimately pay a prorated share of the credit given to the city, the county residents would be paying more than their fair share of the tax burden.
Because all citizens are equal under the law, the laws of taxation must reflect that equality by being levied uniformly. However, perfect uniformity is not required. "Under sec. 1, art. VIII, constitution of Wisconsin, where a property tax is levied, there can be no classification which interferes with substantial
uniformity of rate *Page 204 
based upon value." Barnes v. West Allis, 275 Wis. 31, 37,81 N.W.2d 75 (1957) (emphasis supplied). Indeed, "minor inequalities may exist in tax law without offending against rules of uniformity and equality." Plankinton Packing Co. v. Wisconsin TaxComm., 198 Wis. 368, 373, 224 N.W. 121 (1929). Uniformity is required only "as far as practicable." Gottlieb v. Milwaukee,33 Wis.2d 408, 425, 147 N.W.2d 633 (1967). Should any levy adjustment rise to greater than a de minimis level, it is possible that a uniformity question might be posed. Nonetheless, I am of the opinion that, on its face, section 74.73(2) does not violate the uniformity clause.
Seemingly apart from the uniformity issue, you challenge the fairness of a charge-back to the county, framing the question in terms of a "benefit" to the aggrieved taxpayer. To the contrary, though that taxpayer's liability has, indeed, been reduced, it has only been adjusted to the level at which the taxpayer properly should have been assessed at the outset. The county is only being asked to return what it erroneously received and distributed, at least theoretically, throughout the county for the equal benefit of all county residents. Furthermore, the county, too, is entitled to a credit from the state for the amount of such tax it passed on to the state.
The facts presented to this office are few, and are ambiguous at best. If there are equitable considerations beyond the statute, the statute does not appear to address them.
You also ask a number of other questions having to do with the Mid-State Technical College Vocational, Technical and Adult Education District and the Unified School District of Marshfield. This office has the statutory duty to advise you on county concerns, but those other questions are more properly addressed by the legal counsel of those districts.
DJH:JCM
[1] Chapter 503, Laws of 1939, amended sections 75.61(2) and75.62(4) to provide for a charge back which was similar to and the reciprocal of the credit which was then already provided a town, city or village under section 74.73(2). *Page 205